## COMMONWEALTH *vs.* THOMAS FAGAN & another.

At the trial of an indictment for robbery, evidence that the person robbed described the robber to the officer, and that the officer thereupon went in search of the defendant, is not admissible to identify the robber with the defendant.

INDICTMENT against Thomas Fagan and Michael Riley for robbing George A. Turner. At the trial in the superior court for Middlesex, before *Reed*, J., the fact of the robbery was not denied, and the case turned on the identity of the robbers with the defendants. The district attorney was allowed, against the objection of the defendants, to ask Turner, who was a witness, whether he gave a description of the persons who assaulted him, to the officers, on the night of the assault; and he answered that he did. Asa Bowles, a police officer, was then called as a witness, and was asked, against the defendants' objection, this question: "In consequence of what Turner said to you," referring to the description

of the defendants given to him by Turner, "what did you do, if anything?" To which Bowles answered, "I went immediately to hunt for Fagan and Riley." The district attorney argued to the jury "that the fact that Bowles immediately hunted for Fagan and Riley, after the description given by Turner, was evidence of the identity of the defendants and of the guilt of the defendants." The jury returned a verdict of guilty, and the defendants alleged exceptions.

*G. Stevens*, for Fagan.

*J. Crowley*, for Riley.

*C. Allen*, Attorney General, for the Commonwealth.

AMES, J. At the trial, it was not denied that the robbery had been committed. The only matter really controverted was the question whether the defendants were sufficiently identified as the robbers. The person who had been robbed was permitted to testify that he gave to the police officers a description of the persons who assaulted him; and the officers were also permitted to testify, in substance, that by means of that description they recognized the defendants as the assailants. According to the decision in *Commonwealth* v. *Moulton*, 4 Gray, 39, it would have been improper to have asked the first witness what he said to the officers. Nothing that he could have so said, in the absence of the defendants, would have been admissible as evidence against them. It would be immaterial whether he described them by their names, or by giving details as to dress, size or height. The argument of the district attorney was, that, as he gave such a description that the officers understood the defendants to be the persons described, and as their arrest was made because of that supposed identification, the jury were justified in drawing an unfavorable inference upon the question of identity, and as to the guilt of the defendants; in other words, that the interpretation given by the officers, to a declaration which was inadmissible as evidence, was itself evidence against the defendants. It appears to us that in this way the prosecution was allowed indirectly, and for that reason the more to the prejudice of the defendants, to introduce incompetent evidence, and to use it in an unwarrantable manner. *Commonwealth* v. *James*, 99 Mass. 438.

*Exceptions sustained.*