[No. 20877. In Bank. — May 12, 1892.]

THE PEOPLE, RESPONDENT, *v.* JAMES McNAMARA, APPELLANT.

94 509
106 105

94 509
111 152

94 509
118 92

94 509
131 235

94 509
133 565

CRIMINAL LAW — RE-EXAMINATION OF WITNESS — REPETITION OF TESTIMONY — DISCRETION. — Although an objection, upon the part of a defendant in a criminal prosecution, to the unnecessary repetition of testimony of the prosecuting witness upon re-examination, of the same character and upon the same topic as that previously given in his direct and cross examinations, should be sustained, yet the matter is in the discretion of the court, and error cannot be predicated upon the ruling.

ID. — CROSS-EXAMINATION — ANSWER RESPONSIVE TO QUESTION — REFUSAL TO STRIKE OUT. — It is not error on motion of the defendant to refuse to strike out statements of a witness for the prosecution as to the reason

why he had the defendant arrested, where the statements are directly responsive to questions asked on cross-examination by the defendant's counsel.

ID. — REFUSAL OF INSTRUCTIONS GIVEN IN SUBSTANCE. — It is not error for the court to refuse to give instructions asked for by a party, where they are given in substance in its charge.

ID. — ARGUMENTATIVE INSTRUCTIONS — BIAS — OPINION AS TO FACTS. — Instructions argumentative in form, and couched in language so emphatic that if given by the court they would have indicated a strong bias on the part of the court, are properly refused. An instruction should contain a principle of law applicable to the case, expressed in plain language, indicating no opinion of the court as to any fact in the case.

ID. — PRESUMPTION OF INNOCENCE — CONTINUANCE UNTIL VERDICT — ERRONEOUS INSTRUCTION. — An instruction to a jury in a criminal action, to the effect that the defendant is presumed to be innocent until proven guilty, and that the presumption goes with him all through the case, "*until it is submitted to you,*" is erroneous as to the latter part, and should not have been given. The presumption of innocence does not cease upon submission of the cause to the jury, but operates until they have arrived at a verdict.

ID. — ROBBERY — EVIDENCE — DESCRIPTION OF ROBBERS TO POLICE-OFFICERS — ARREST UPON DESCRIPTION. — In a prosecution for robbery, the testimony of the prosecuting witness, to the effect that he gave a description of the robbers when he reported the robbery to the police-officers, and the testimony of a policeman that he arrested the defendant on information received from others, and from the description given by the prosecuting witness, is inadmissible.

ID. — CONVERSATION WITH CHIEF OF POLICE. — A witness for the prosecution cannot testify to a conversation had with a chief of police.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Dunne & McPike*, for Appellant.

The action of the court, in permitting the prosecution to question the complaining witness upon redirect examination upon matters already fully touched upon in his examination in chief and in his cross-examination, was a clear infraction of the rule formulated by section 2050 of the Code of Civil Procedure. (*People* v. *Moan*, 65 Cal. 532; *Dutton* v. *Woodman*, 9 Cush. 255; 57 Am. Dec. 46; *State* v. *Denis*, 19 La. Ann. 119; *Aiken* v. *Stewart*, 63 Pa. St. 30; *Sumner* v. *Blair*, 9 Kan. 521; *State* v. *Scott*, 24 La. Ann. 161; *Osborne* v. *O'Reilly*, 34 N. J. Eq. 60;

*State* v. *Gregory,* 33 La. Ann. 737.)   The court erred in
allowing the prosecuting witness to testify that when he
reported the robbery he gave a description of the rob-
bers to the police-officers.   (*People* v. *McCrea,* 32 Cal. 98;
*People* v. *Griffin,* 52 Cal. 616; *People* v. *Ah Lee,* 60 Cal. 85;
*People* v. *Ehring,* 65 Cal. 135; *State* v. *Maitremme,* 14 La.
Ann. 830.)   The court also erred in allowing the arrest-
ing officer to testify that he arrested the defendant on
the description he had received from the defendant's
brother-in-law, and the description left by the prosecut-
ing witness with the police-officer.   (*Commonwealth* v.
*Fagan,* 108 Mass. 471; *Commonwealth* v. *James,* 99 Mass.
438.)   The court erred in allowing one of the witnesses
for the prosecution, who arrested the defendant, to testify
as to why he arrested the defendant.   (*Thomas* v. *Loose,* 114
Pa. St. 35.)   Witnesses must state facts, not conclusions,
not private reasons, not secret, uncommunicated mo-
tives.   The fact of an arrest may readily be conceived as
admissible in evidence in a proper case; but the arrest-
ing officer's reasons or motives for the arrest, uncommu-
nicated to the defendant, are not testimony, and are
wholly incompetent.   (*Wheless* v. *Rhodes,* 70 Ala. 419;
*Burns* v. *Campbell,* 71 Ala. 271; *Woods* v. *Whitney,* 42
Cal. 358; *McCormick* v. *Joseph,* 77 Ala. 236; *Brown* v.
*Hickie,* 68 Iowa, 330; *Stewart* v. *Whitlock,* 58 Cal. 2; *Mc-
Donald* v. *Jacobs,* 77 Ala. 524; *Herring* v. *Skaggs,* 34 Am.
Rep. 4.)

*Attorney-General Hart,* and *Deputy Attorney-General
Jackson,* for Respondent.

PATERSON, J. — The defendant was convicted of rob-
bery, and sentenced to serve a term of fifteen years in
the state prison.

It is urged with much earnestness that the judgment
should be reversed, because the evidence is insufficient
to support the verdict.   We find, however, from an in-
spection of the testimony, that this contention cannot be
sustained without a judicial invasion of the province of

the jury, and a violation of the well-established rule applicable to cases in which there is a substantial conflict of evidence. Runyon, the prosecuting witness, testified that on the night of December 31, 1890, he met Mc-Namara and another man, and stopped and conversed with them; that they walked along together about a block, when a man came out from an alley, and approaching him from behind, grabbed him around the throat, pulled him back, and strangled him; that while he was being thus held, the other persons — McNamara and his companion — went through his pockets and took his valuables, a diamond pin, a watch, and twenty-seven dollars in gold and silver.

During the redirect examination of the prosecuting witness, he gave testimony of the same character and upon the same topic as in his direct and cross examinations. The objection of the defendant ought to have been sustained, because the testimony was an unnecessary repetition, and the re-examination indicated a disposition on the part of the prosecution to emphasize the testimony of the witness upon a particular subject. Error, however, cannot be predicated upon the ruling. The matter is left to the discretion of the court. (Code Civ. Proc., sec. 2050.)

The statements made by the witness Rogers on his cross-examination, as to the reason why he had the defendant arrested, were directly responsive to the questions asked by defendant's counsel. The court did not err, therefore, in refusing to strike them out.

All of the answers to the objectionable questions put to the defendant were stricken out, and the court in its instructions to the jury directed them not to consider such questions or answers in arriving at a verdict. The question put to the defendant on cross-examination, calling upon him to state the purpose for which he went to the saloon, was proper cross-examination.

The court did not err in refusing to give the first four instructions asked by the defendant. They were given in substance in the charge of the court. The other in-

structions asked by the defendant were properly refused, because argumentative in form, and couched in language so emphatic that if given by the court would have indicated a strong bias on the part of the court in favor of the defendant.  An instruction should contain a principle of law applicable to the case, expressed in plain language, indicating no opinion of the court as to any fact in issue.  It appears to be a common practice to select certain material facts, or those which are deemed to be material, and endeavor to force the court to indicate an opinion favorable to the defendant as to the effect of such facts, by incorporating them into instructions containing a correct principle of law.

The vice referred to is well illustrated in the following instruction, asked by the defendant in this case: " In this case you are confronted with conflicting evidence as to the identity of the person by whom the offense charged is alleged to have been committed, and in determining whether or not the complaining witness was or was not mistaken as to the identity of the person who assaulted him, you have the right, and it is your duty, to take into consideration and weigh carefully the condition and situation of the complaining witness himself. You have a right to consider that he is the only person who swears to the identity of the defendant; you have the right to consider that he was a stranger in San Francisco, coming from his country home to this large city; you have the right to consider his condition of sobriety or insobriety. . . . . I charge you that it is your duty, in passing upon the question of the guilt or innocence of this defendant, to take into consideration his conduct after his arrest.  You should consider whether, after the sale of this pin to Jordan was completed, this defendant is shown to have fled the city, or to have indulged in any other conduct suggestive of a consciousness of guilt. . . . . You should consider the circumstance that the defendant expressed his willingness and his readiness to do all in his power to assist the complaining witness to recover his property and capture the

thieves; and finally, you should consider the extent to which the case for the defendant has been contradicted, whether it has been contradicted at all, whether it has been contradicted as to the defendant's *alibi,* or as to his possession of the pin, or as to his conduct after the arrest; and should you, upon the whole case, or indeed upon any material part of it, feel any reasonable doubt as to the guilt or innocence of the defendant, or should you fail to be satisfied to an absolute moral certainty of the guilt of this defendant, it would be your duty to find a verdict of not guilty, and acquit him."

The instructions given by the court of its own motion, while not as full as they might have been, are correct, except the first, which concludes as follows: " This defendant, like all persons accused of crime, is presumed to be innocent until his guilt is established to a moral certainty and beyond all reasonable doubt, and this presumption of innocence goes with him all though the case, *until it is submitted to you.*"

The presumption of innocence does not cease upon the submission of the cause to the jury, but operates in favor of the defendant, not only during the taking of the testimony, but during the deliberations of the jury, until they have arrived at a verdict.

The prosecuting witness was permitted to testify that he gave a discription of the robbers when he reported the matter to the police-officers, and one of the policemen testified that he arrested the defendant on information he received from the defendant's brother-in-law, and also on the description given by Runyon. The admission of this evidence was error. In *People* v. *Johnson,* 91 Cal. 265, we held that the court erred in admitting testimony of the witness Briggs as to the description of the defendant, given him by the prosecuting witness before the arrest; and in *Commonwealth* v. *Fagan,* 108 Mass. 471, a case similar to this, the court held that evidence that the person robbed described the robber to the officer, and that the latter, by means of such description, recognized the defendant as the assailant, was inadmissible. The

ruling of the court allowing the witness Rogers to state the conversations he had with the chief of police of San José was also erroneous.

Judgment and order reversed, and cause remanded for a new trial.

McFARLAND, J., DE HAVEN, J., HARRISON, J., and BEATTY, C. J., concurred.