## SID BONE v. STATE.

No. A-6632.  Opinion Filed June 29, 1929.
(279 Pac. 363.)

J. W. Dixon and Brown & Williams, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Love county of assault with a dangerous weapon and his punishment fixed by the jury at confinement in the state penitentiary for three years. Motion for new trial was filed, overruled, exceptions saved, and the case is now on appeal in this court.

The defendant alleges as his first ground of error that the court erred in permitting the introduction of evidence by the state tending to show that the blow inflicted by the defendant with a dangerous weapon resulted in the death of Jim Armstrong, the party assaulted by the defendant. After the state had introduced this evidence on motion of the defendant, the court excluded the evidence and instructed the jury not to consider the same.

The first question under this assignment is: "Was the admission of this evidence error?" 5 Corpus Juris, § 322, p. 786, states the rule as follows:

"Evidence may be introduced to show the nature, character and extent of the injuries sustained, as indicative of the intent for which they were inflicted."

The state contends that this evidence was admissible on the question of whether or not the piece of iron used to inflict the injury on the head of the said Jim Armstrong was in fact a dangerous weapon. The said piece of iron was not per se a dangerous weapon; therefore it only became a dangerous weapon because of the manner and result of its use.

In the case of Wilcox v. State, 13 Okla. Cr. 599, 167 Pac. 74, this court said:

"The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon with intent to do bodily harm from a simple assault. A dangerous weapon is one likely to produce death or great bodily injury by the use made of it, or perhaps it is more accurately described as a weapon which in the manner it is used or attempted to be used endangers life or inflicts great bodily harm."

In the case at bar the fact of the death of Jim Armstrong was a circumstance from which the jury could conclude that the iron bar used as a weapon was in this instance not only a dangerous weapon but a deadly weapon as well, both from the manner of its use and the effect that the blow actually had upon the said Jim Armstrong. If the blow from the dangerous weapon in the hands of the defendant had broken the arm of Jim Armstrong, the state could undoubtedly have shown that as being the extent of his injury for the purpose of establishing the dangerous nature of the weapon used, it would certainly

follow that if the blow had broken his neck the state could have shown that as establishing the fact that the weapon used was a dangerous one. The court therefore did not commit error in permitting the state to prove the extent of the injury inflicted by the defendant with the dangerous weapon, even though the proof showed the final death of Armstrong. The error of the court was the withdrawing of this evidence from the jury, and, being an error in favor of the defendant, he is in no position to complain.

Section 2704, Comp. Stat. 1921, provides:

"If it appear by the testimony that the facts proved constitute an offense of a higher nature than that charged in the indictment or information, the court may direct the jury to be discharged, and all proceedings on the indictment or information to be suspended, and may order the defendant to be committed or continued on, or admitted to bail, to answer any new indictment or information which may be filed against him for the higher offense."

Under this section of the statute, and under the proof in this case, it was the duty of the county attorney to dismiss the information in the case at bar and file an information against the defendant for murder. If the county attorney failed to do this, it was the duty of the trial judge on the trial of the case, under the facts revealed in this record, to direct the county attorney to proceed according to the provisions of section 2704. We cannot understand why, considering the state of the record, the county attorney proceeded to trial, nor can we understand why the eminent trial judge failed to direct the county attorney to proceed as required by section 2704. The evidence in this case was ample to sustain the charge of manslaughter in the first degree, and the cause should

have been prosecuted under the higher grade of offense. The defendant should count himself very fortunate to escape with a penalty of three years, considering the nature of the crime committed.

The defendant next complains of certain alleged remarks of the special prosecuting officer. The case-made contains no recital or bill of exceptions showing that the special prosecuting officer made any of the remarks complained of. The only thing in the record about any such alleged remarks is a statement of counsel for the defendant. This is not a recital nor a bill of exceptions, nor does it rise to the dignity of an affidavit. Before this court is authorized to pass upon this alleged ground of error, there must be some showing in the record that the remarks were made by the special prosecuting counsel. This showing must be made either by the recital in the record to that effect or by a separate bill of exceptions.

In the case of Miller v. State, 9 Okla. Cr. 255, 131 Pac. 717, L. R. A. 1915A, 1088, this court said:

"Improper remarks made by a prosecuting attorney in his argument to the jury must be incorporated in the case-made and certified to by the trial judge before they can be considered upon appeal. Such remarks cannot be presented by affidavit or in any other manner, unless it appears from the record that counsel for the defendant requested the trial judge to have such remarks taken down by the stenographer in order that they might be incorporated in the record and that the court refused to have this done."

The defendant's second ground of error presents no question for consideration by this court, and the objections of the defendant were properly overruled.

The defendant assigns numerous other grounds of

error, but does not argue them in his brief. They are all without merit.

The evidence being sufficient to support the verdict of the jury, and no fundamental error of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.