# ANDREW (RED) JOHNSON v. STATE.

No. A-7133.   Opinion Filed August 3, 1929.
(279 Pac. 933.)

Joe S. Eaton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county on a charge of robbery with firearms, and was sentenced to serve a term of 15 years in the state penitentiary.

The evidence for the state tends to show that at the time charged one H. Lipschnitz was held up and robbed, about 2 or 2:30 a. m., on a highway bridge near Okmulgee. The only person identifying defendant as the person who committed the robbery is Lipschnitz.   His testimony is positive.   The defense was alibi, testified to by defendant and several witnesses, who tend to corroborate him. While the evidence is sharply conflicting, there is testimony amply sufficient to sustain the verdict.

The principal contention is that the court admitted incompetent and hearsay testimony, which affected the verdict and deprived defendant of a fair trial. Complaint is made of the manner in which the witness Lipschnitz identified defendant after his arrest. This was done by calling the witness to the city jail, and by bringing defendant alone before him to be identified. Upon this point the witness, in answer to a question, testified:

"A. Yes, sir; the officer told me to go up to that cell, and look for 'Red' Johnson, and 'see if that is him.' I was afraid to go too far; I came back, told him I didn't see anybody. I hollered for 'Red' Johnson. He said, 'Wait a minute,' and took me into a little room, and brought this man in. The minute he brought him in, I said, 'He is the man'."

This is not an identification of the defendant as the one who committed the robbery, but testimony of an "extrajudicial identification," improperly suggested. In the case of State v. Evans, 98 Or. 234, 192 Pac. 1062, 1068, 193 Pac. 927, the court, in passing upon this character of testimony, said:

"The issue was whether the defendant robbed the prosecuting witness. Applicable to that issue was the question whether at the trial the prosecuting witness could identify the defendant as the man who committed the crime. Whether he identified him at any other time or place, either before or after the trial, would be immaterial, and in a sense a self-serving declaration. It ought not to have been admitted in the first place, although no objection was made to it."

One Charley Kelly, a witness for the state, was permitted to testify that, soon after the robbery, he was given a description of defendant by Lipschnitz, and upon this description alone he identified defendant. It can hardly be contended but that this is rank hearsay. In the case of

Com. v. Fagan et al., 108 Mass. 471, 472, under a some-what similar state of facts, it was said:

"At the trial, it was not denied that the robbery had been committed. The only matter really controverted was the question whether the defendants were sufficiently identified as the robbers. The person who had been rob-bed was permitted to testify that he gave to the police officers a description of the persons who assaulted him, and the officers were also permitted to testify, in sub-stance, that by means of that description they recognized the defendants as the assailants. According to the de-cision in Com. v. Moulton, 4 Gray [Mass.] 39, it would have been improper to have asked the first witness what he said to the officers. Nothing that he could have so said, in the absence of the defendants, would have been admissible as evidence against them."

In Warren v. State, 103 Ark. 165, 146 S. W. 477, 479, Ann. Cas. 1914B, 698, the court said:

"It is next insisted that the court erred in refusing to exclude the testimony of the two officers as to the identification of defendant. This character of proof is referred to in the books as 'extrajudicial identification,' and is generally held to be inadmissible. Reddick v. State, 35 Tex. Cr. R. 466, 34 S.W. 274, 60 Am. St. Rep. 56; Murphy v. State, 41 Tex. Cr. R. 120, 51 S. W. 940; State v. Egbert, 125 Iowa, 443, 101 N. W. 191; State v. Houghton, 43 Or. 125, 71 Pac. 982; People v. Johnson, 91 Cal. 265, 27 Pac. 663; People v. McNamara, 94 Cal. 509, 29 Pac. 953. Prof. Wigmore says that such testimony is admissible for the purpose of restoring the credit of an impeached identify-ing witness; that is to say, where the witness is impeached by proof of prior contradictory statements showing that the identification is a recent contrivance. 2 Wigmore, 1129, 1130. His views on this subject are not in accord with the weight of authority, as we attempted to show in Burks v. State, 78 Ark. 271, 93 S. W. 983, 8 Ann. Cas. 476, and we there declined to follow them. But nowhere, so far as we can ascertain, has it ever been held that a so-

called 'extrajudicial identification' is admissible as original testimony; and it was therefore, in any view of the case, inadmissible, for there was no attempt to impeach the witness by contradictory statements, or otherwise. The testimony was introduced as original evidence, and it was clearly inadmissible, for it was not competent to corroborate the identifying witness by proof of former identification."

The admitting of this incompetent evidence, under the record before us, may well have influenced the verdict and have deprived the defendant of a fair trial.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.