## JOHNNIE JAMERSON v. STATE.

No. A-7544.  Opinion Filed April 19, 1930.
(287 Pac. 775.)

Kienzle & Hickok, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Pottawatomie county of the crime of burglary in the second degree, and was sentenced to serve a term of five years' imprisonment in the state penitentiary.

The information charged that the defendant on or about the 17th of February, 1929, burglarized the store building of Hillerman & Co. at Sacred Heart, in Pottawatomie county, and stole from said store certain quantities of groceries, dry goods, cigarettes, and other merchandise.  A search warrant was procured the next day for the premises of Roy Booth who operated a roadhouse near the town of Maud in said county.  A large quantity

of this property taken in the burglary was discovered at Booth's place of business, and Booth, this defendant, and several other people found at Booth's house and around his premises were arrested and placed in jail. Booth gave bond for his appearance, and about a week or ten days thereafter came to Tecumseh and wanted to talk to the defendant. Defendant was brought out of the jail to the county attorney's office, and there Booth told him that there were several people in jail that defendant could help out if he would tell the truth about this burglary. Defendant was warned by the county attorney that anything he might say to Booth could be used in evidence against him on his trial. Thereupon defendant confessed his guilt and stated that he had burglarized the store of Hillerman & Co. and had brought the stolen goods to Booth's place.

It is only necessary to decide one question in this case, and that is: "Did the trial court err to the prejudice of this defendant in refusing to excuse the jury to determine whether or not the confession testified to by the sheriff as above set out was voluntarily made?" Counsel for defendant contend that the failure of the trial court to excuse the jury and hear evidence as to the voluntary nature of this confession was reversible error, and entitles the defendant to have the judgment set aside and the cause remanded for another trial.

The record discloses that, when Mr. Stewart, the sheriff of Pottawatomie county, was called as a witness for the state, he was asked if he was present in the county attorney's office when the defendant made certain statement to Booth, and he testified that he was present. The attorney for the defendant then objected on the ground that such testimony was incompetent, irrelevant, and immaterial, but at that time made no request that the court excuse the jury on the ground that the witness was about

to testify to an alleged confession of the defendant, and that the evidence surrounding such transaction would show that such alleged confession was involuntarily made. The trial court ruled that the evidence might be competent, and that he would hear the witness' testimony, and the witness then testified that, before the defendant said anything to Booth, the assistant county attorney warned him that anything he might say could be used in evidence against him, that then Booth told the defendant that there were certain people in jail that he might help out if he would tell the truth about this burglary, and that the defendant thereupon, and after having been warned, confessed that he burglarized the store of Hillerman & Co., as charged in the information, and took the stolen property to Booth's place where it was found. It was not until after this testimony had been given under the circumstances above disclosed that counsel for the defendant requested that the trial court excuse the jury, and that evidence be heard in the absence of the jury to determine the alleged involuntary nature of this confession, but the trial court then ruled that he was satisfied from what he had already heard that the confession was voluntary and would so hold, and that, if counsel for the defendant desired to cross-examine the witness to determine whether or not he was telling the truth about it, he might do so.

The purpose of having the jury excused is to enable the trial court to determine in the first instance whether or not as a matter of law an alleged confession was voluntarily made. This court has uniformly held that prima facie any confession is admissible in evidence; and, where its admissibility is challenged by the defendant, the burden is on him to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show

that fact. Kirk v. Territory, 10 Okla. Cr. 46, 60 Pac. 797; Berry v. State, 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849; Mays v. State, 19 Okla. Cr. 102, 197 Pac. 1064; Guthery v. State, 24 Okla. Cr. 183, 216 Pac. 948.

In the case at bar the evidence on the part of the state did not tend to show that the confession was involuntary. The court had heard the state's evidence and was satisfied therefrom that the confession was voluntary. Counsel for defendant did not make his request that the evidence be heard in the absence of the jury until after the evidence had been received, and did not indicate that he had any evidence to show that the confession was not voluntary, but merely asked the court to excuse the jury for the purpose of hearing this question in the absence of the jury. Where timely and proper objections are made to the admission of a confession on the ground that the same was not voluntary or was obtained by promise of immunity or reward, the court should excuse the jury and hear evidence for the purpose of determining as a matter of law whether the confession was obtained in such a manner as to render it inadmissible. The evidence showing the voluntary nature of the confession and the confession itself having been introduced in evidence before the request to excuse the jury was made, it was not reversible error for the court to refuse to excuse the jury. If the trial judge had excused the jury and heard the testimony as to the alleged involuntary nature of the defendant's confession of guilt, he no doubt would have reached the same conclusion that he did reach on the evidence before him, because this evidence was amply sufficient to entitle the confession to be admitted in evidence as a matter of sound discretion on the part of the trial court.

The defendant did not take the stand and made no denial of the truthfulness of the confession, nor of its

voluntary nature, and seeks now to reverse this case upon the mere technical irregularity, if any, of the trial court in refusing to excuse the jury after the evidence of the confession had been admitted without such request.

It is apparent from the entire record that the defendant's substantial rights were in no wise prejudiced by the error complained of. The evidence of the defendant's guilt is overwhelming, and, since the error complained of is nothing more than an irregularity, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.