## L. R. WILLIAMS v. STATE.

No. A-7324. Opinion Filed Nov. 15, 1930.
Rehearing Denied Dec. 6, 1930.
(293 Pac. 564.)

John T. Harley, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of robbery with firearms, and his punishment fixed by the court at life imprisonment in the state penitentiary.

The evidence of the state was that on the 15th day of July, 1928, the defendant and one McCandless entered a room in the Tulsa Hotel occupied by J. T. Whitlock and S. J. Russell, and, covering them with a revolver, bound and gagged them and robbed them of diamonds, watches, and money of the aggregate value of $2,089. Defendant was positively identified by both Whitlock and Russell The defense was an alibi.

The defendant contends, first, that the case should be reversed because the court admitted incompetent and prejudicial hearsay evidence.

An examination of the record reveals that the county attorney in his opening statement told the jury that the state would introduce certain extrajudicial identifications, which would have been incompetent as hearsay. In the trial of the case, on objection of defendant, the state was not permitted to introduce any of this evidence, but the defendant, in his cross-examination of the state's wit-

nesses, brought this evidence out. The evidence of extrajudicial identification was inadmissible when offered by the state, and the admission of the same has been held to be reversible error. Robbins v. State, 39 Okla. Cr. 289, 264 Pac. 841; Johnson v. State, 44 Okla. Cr. 113, 279 Pac. 933.

All of this incompetent and extrajudicial identification having been brought out by the defendant on cross-examination, he is in no position to complain and will not be heard to say that he was injured thereby.

The defendant next contends that prejudicial error was committed by the county attorney in his opening statement, in that the county attorney told the jury that certain extrajudicial identifications would be offered in evidence.

No exceptions were saved to the remarks of the county attorney, and no motion to exclude the same from the jury was made. Under the holdings of this court, the record presents no question for this court to pass upon. Quitman v. State, 35 Okla. Cr. 245, 250 Pac. 441; Bone v. State, 43 Okla. Cr. 360, 279 Pac. 363.

The defendant next argues that the punishment inflicted is excessive. It appears that the defendant and his codefendant, McCandless, had been represented by John L. Ward, an attorney of Tulsa, up to and including the time at which the case was called for trial. This attorney asked for a severance for McCandless, which was granted. It then became necessary, on account of the poverty of the defendant, for the court to appoint counsel for him. This counsel was selected by the court less than one hour before the case was called for trial. The defendant was charged with a capital offense. The counsel selected was practically without experience in criminal

cases. He was supported in the trial by a seasoned attorney, who had not defended in a criminal case for 25 years. When all the circumstances are considered, counsel made a good defense, but erred in cross-examination of the state's witnesses and in not saving exceptions to the argument of the county attorney.

Under all the facts and circumstances in the case, the punishment assessed by the court appears to be excessive.

For the reasons stated, the punishment is reduced from life imprisonment to 25 years' imprisonment, and, as modified, is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.