## W. McCANDLESS v. STATE.

No. A-7545.  Opinion Filed Nov. 15, 1930.
(295 Pac. 412.)

John L. Ward, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of robbery with firearms, and

his punishment fixed by the jury at imprisonment in the state penitentiary for 10 years.

The defendant complains of numerous errors, but for the purpose of this opinion it will only be necessary to consider his fourth ground of error, which is:

"That the court committed errors in admitting testimony and evidence over the objections of the defendant during the trial of the case, to which actions upon the part of the court the defendant excepted at the time and his exceptions were allowed by the court."

In the trial the witness Whitlock, one of the men who had been robbed, was asked:

"Did you describe these defendants to any one before you saw them?

"Mr. Ward: We object to that as incompetent, irrelevant and immaterial, calling for a conclusion on the part of the witness, self-serving, hearsay.

"The Court: Overruled.

"Mr. Ward: Exception.

"A. Why, I talked to Mr. Larkin, a deputy sheriff.

"Mr. Ward: May I ask, for the purpose of further making the objection, whether or not the defendants were present, or this defendant was present?

"Mr. Coffey: Of course they weren't present.

"Mr. Ward: All right, we move to strike the testimony on the ground that it is incompetent, irrelevant and immaterial, and renew our objection that it is hearsay, and couldn't bind the defendant.

"The Court: Overruled.

"Mr. Ward: Exception.

"A. I told Mr. Larkin that before going to identify any man I would describe the kind of men that held us

up, and when I got through describing them he just remarked there was no question about the men.

"Mr. Ward: Now we move to strike that, Your Honor, as incompetent, irrelevant and immaterial, and an attempt on the part of this witness to bolster up his own testimony by illicit, hearsay, incompetent testimony.

"The Court: Overruled.

"Mr. Ward: Exception."

When Glenn Larkin was testifying for the state, he was asked by the county attorney:

"Had you received a description from any person of these men before you arrested them?

"Mr. Ward: Object to that as incompetent, irrelevant and immaterial, calling for a conclusion of the witness and hearsay.

"The Court: Overruled.

"Mr. Ward: Exception.

"A.   Yes, sir, I had.

"Q.   From whom, Mr. Larkin?

"Mr. Ward: Same objection, Your Honor.

"A.   From the police department and the newspapers.

"Mr. Ward: We move to strike the answer as incompetent, irrelevant and immaterial.

"The Court: Overruled.

"Mr. Ward: Exception.

"Q.   Tell the court and jury how you happened to go to the Boulder Hotel to arrest these men?

"Mr. Ward: Object to that as incompetent, irrelevant and immaterial.

"The Court: Overruled.

"Mr. Ward: Exception.

"A. The landlady of the Boulder Hotel called me up on the telephone and give me information that these boys, from the description that she read about the robbery that was pulled in the Hotel Tulsa the night before, were in that room.

"Mr. Ward: We object to that as incompetent, irrelevant and immaterial, and move to strike it for the same reasons, Your Honor.

"The Court: Overruled.

"Mr. Coffey: We think it is competent.

"Mr. Ward: Exception.

"Q. Did she furnish you any more information, Mr. Larkin, about these two men? A. She said that there was a couple of hats brought in that night and given to the porter.

"Mr. Ward: Now we move to strike that last answer, Your Honor, as incompetent, irrelevant and immaterial, and hearsay.

"The Court: Overruled.

"Mr. Ward: Exception.

"Q. I will ask you to state to the jury if Mr. Whitlock gave you a description of the men that robbed him, before he saw these two defendants?

"Mr. Ward: We object to that as incompetent, irrelevant and immaterial, inherently calls for a conclusion on the part of the witness, and hearsay testimony.

"The Court: Overruled.

"Mr. Ward: Exception.

"A. Yes, sir, he gave us a description of the parties that robbed him.

"Q. How did that description compare with the description of the two defendants that you then had under arrest?

"Mr. Ward: We object to that as incompetent, irrelevant and immaterial, inherently calls for hearsay evidence and an opinion of this witness.

"The Court: Overruled.

"Mr. Ward: Exception.

"A. Yes, I met this doctor and another doctor, and they described these parties, being about the age of Mr. McCandless and Mr. Williams, and they described those two hats.

"Mr. Ward: Now we move to strike that, Your Honor, as incompetent, irrelevant and immaterial, and an expression of opinion by this witness, and hearsay.

"The Court: Overruled.

"Mr. Ward: Exception.

"Q. After they had described the hats and the defendants to you? A. Yes, sir, they saw them.

"Q. State to the court and jury whether they identified them at that time as being the men who robbed them?

"Mr. Ward: We object to that as being incompetent, irrelevant and immaterial.

"The Court: Overruled.

"Mr. Ward: Exception.

"A. Yes, they said they were the men."

All of this evidence was hearsay and constituted extra-judicial identifications, which this court has held to be inadmissible and not original testimony.

In the case of Johnson v. State, 44 Okla. Cr. 113, 279 Pac. 933, this court said:

"In the trial of an accused for robbery, where the issue is whether the defendant is the person who robbed the prosecuting witness, testimony of what prosecuting witness said in identifying or describing the robber at some other time or place is not admissible as original testimony. In like manner, the testimony of the officer that from such description he arrested the defendant is hearsay and inadmissible."

In the body of the opinion this court said:

" 'The issue was whether the defendant robbed the prosecuting witness. Applicable to that issue was the question whether at the trial the prosecuting witness could identify the defendant as the man who committed the crime. Whether he identified him at any other time or place, either before or after the trial, would be immaterial, and in a sense of self-serving declaration. It ought not to have been admitted in the first place, although no objection was made to it.'

"One Charley Kelly, a witness for the state, was permitted to testify that, soon after the robbery, he was given a description of defendant by Lipschnitz, and upon this description alone he identified defendant. It can hardly be contended but that this is rank hearsay. In the case of Com. v. Fagan et al., 108 Mass. 471, 472, under a somewhat similar state of facts, it was said:

" 'At the trial, it was not denied that the robbery had been committed. The only matter really controverted was the question whether the defendants were sufficiently identified as the robbers. The person who had been robbed was permitted to testify that he gave to the police officers a description of the persons who assaulted him and the officers were also permitted to testify, in substance, that by means of that description they recognized the defendants as the assailants. According to the decision in Com. v. Moulton, 4 Gray (Mass.) 39, it would have been improper to have asked the first witness what he said to the officers. Nothing that he could have so said, in the

absence of the defendants, would have been admissible as evidence against them.'

"In Warren v. State, 103 Ark. 165, 146 S. W. 477, 479, Ann. Cas. 1914B, 698, the court said:

" 'It is next insisted that the court erred in refusing to exclude the testimony of the two officers as to the identification of defendant. This character of proof is referred to in the books as "extrajudicial identification," and is generally held to be inadmissible. Reddick v. State, 35 Tex. Cr. R. 466, 34 S. W. 274, 60 Am. St. Rep. 56; Murphy v. State, 41 Tex. Cr. R. 120, 51 S. W. 940; State v. Egbert, 125 Iowa 443, 101 N. W. 191; State v. Houghton, 43 Or. 125, 71 Pac. 982; People v. Johnson, 91 Cal. 265, 27 Pac. 663; People v. McNamara, 94 Cal. 509, 29 Pac. 953.' "

See, also, Robbins v. State, 39 Okla. Cr. 289, 264 Pac. 841.

The case at bar differs from the case of Williams v. State, 49 Okla. Cr. 240, 293 Pac. 564, recently affirmed by this court, in this: That while Williams and McCandless were jointly charged with this robbery, in the trial of Williams, the court refused to permit the state to introduce this class of testimony, and the same was brought out by the defendant on cross-examination of the state's witnesses, and under these circumstances this court held that, since the defendant had brought out the immaterial and hearsay testimony on cross-examination, he could not be heard to complain thereat.

In the case at bar, however, this evidence was introduced by the state, over the most strenuous objection of defendant, and must have materially assisted the state in convicting the defendant.

Since the other errors complained of are not likely to arise in another trial of the case, we do not deem it necessary to pass upon them at this time.

For the reasons stated, the cause is reversed and remanded, with directions to proceed with the case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.