## J. M. CHAPMAN v. STATE.

No. A-8207.   Oct. 24, 1931.
Rehearing Denied Nov. 14, 1931.
(4 Pac. [2d] 762.)

James H. Mathers, and J. A. Bass, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of six years.

The evidence of the state was:

That W. O. Black was the keeper of a filling station operated and owned by the Tank Car Station, Inc., located in Oklahoma City, on South Walker street, at the north end of the viaduct on that street.   That defendant and another man unknown to Black appeared at the filling station about 1 o'clock in the morning.   That defendant covered Black with his revolver, and took $12.19 out of Black's pocket.   That defendant forced Black to stand near the pumps at the filling station after the robbery. That Black noticed that the automobile defendant and his partner were traveling in was a model A Ford coupe, and that it bore Oklahoma state license tag No. 463708.   That Black immediately notified the officers, and that at 7 o'clock on the same evening the officers arrested defend-

ant and a woman in this Ford coupe, bearing this particular license number, and that they found on the shelf in the coupe, back of the seat, a 38 caliber revolver, which Black testified was the same kind of a revolver used by defendant in the robbery.

That, after the officers arrested defendant, they took him to the police station. That defendant there admitted that he had committed the robbery, assisted by his brother, but that his brother had disappeared, and that he did not receive any part of the money.

Defendant, testifying for himself, denied that he had committed the robbery or that he had made any statement to the officers, and sought to show that he was in Chickasha at the time the robbery was committed.

Defendant in his brief says:

"There are many assignments of error alleged in the motion for a new trial, and also in the petition in error filed herein, but we desire to especially call the court's attention to assignment No. 6: 'Because the court erred in admitting incompetent, irrelevant, hearsay, immaterial and prejudicial evidence, duly excepted to at the time,' and also assignment No. 8: 'Because the court erred particularly in admitting, over the objection of the defendant below, certain witnesses for the prosecution to testify as to what witnesses said in identifying the alleged robbery, and what was said as to the description number, etc. of the car and a description of the alleged robber.' "

An examination of the record discloses that on direct examination the complaining witness, Black, was permitted to testify, without objection, that he got the car number, and on the following Monday went down to the police station and there saw five men, and that he picked the defendant out of the five as being the man who robbed

him. When the witness was asked as to how he picked the defendant out, counsel for defendant objected, and the objection was sustained.

It further appears from the record that on redirect examination the witness Black was asked if he did not have information from the police officers that the other man who robbed him was Denny Chapman. This was objected to by counsel for defendant and sustained by the court.

It further appears from the record that Officer Whalen, testifying for the state, was asked if he had information that the description of the car was the one that robbed this filling station. This was objected to by defendant's counsel, and objection sustained by the court. This witness was asked: "Q. What did you arrest him for? A. We had a tag number of the car that done the hijacking." This was objected to by counsel for defendant, who moved to strike the answer, which was sustained by the court. This witness was then asked if they had the tag number of the car that robbed the Black filling station. This was objected to by defendant's counsel, and the court ruled that it was proper for the officer to state whether he had the tag number, but it was improper to state that it was the car that robbed the filling station, and instructed the jury not to consider that question.

When Officer Milam was testifying as a witness for the state, he was asked: "Q. Did he tell you whose car he had out there and used?" This question was objected to as leading, and objection sustained by the court.

Defendant urges under assignment No. 8 that this case falls within the rule laid down in McCandless v. State, 49 Okla. Cr. 116, 295 Pac. 412, where this court

reversed the case because the trial court permitted the state to introduce extrajudicial identifications.

The McCandless Case is not in point, for the reason that this record discloses that the trial court refused to permit the state to introduce any evidence of extrajudicial identifications, except that the complaining witness, Black, was permitted to testify, without objection on the part of the defendant, that, when he visited the police station he picked defendant out of five men as being the man who held a gun on him and robbed him. No objection was made to the reception of this testimony, nor any exceptions taken thereto, nor any motion made to withdraw it from the jury.

The errors complained of being without any substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.