James Warren RICE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13023.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1961.

Rehearing Denied Jan. 31, 1962.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

James Warren Rice, plaintiff in error, hereinafter referred to as defendant, was charged by information in the district court of Tulsa County, Oklahoma, with the crime of indecent exposure (21 O.S.1951 § 1021 et seq.), second and subsequent offense (21 O.S.1951 § 51). He was tried by a jury, convicted and his punishment fixed at twelve years in the state penitentiary. From such judgment and sentence pronounced on the verdict, this appeal has been perfected.

The facts established by the evidence are that the defendant on September 22, 1960 exposed himself in front of the Safeway Store at Sand Springs, Tulsa County, Oklahoma. The exposure of his private parts by the defendant was made to two young women, fifteen and sixteen years of age. They both observed the defendant standing in front of the Safeway Store, after school. He was standing with a magazine in front of himself, which he removed, exposing himself. This they then reported to the police, but he was not apprehended at that time.

Two days after the exposure the two girls again passed the Safeway Store, and saw

the defendant, and identified him as the same man who had exposed himself to them.

In the early part of October, 1960 defendant was arrested in the same shopping center and taken to the police station for investigation as an ex-convict. There he was interrogated concerning the exposure, which he admitted he had committed. Two officers, Dodson and Wilson, so testified.

The two girls again identified the defendant in a police line-up, and they also identified him in the court room at the trial.

Evidence of the prior conviction of the defendant on a similar charge and his subsequent commitment to the penitentiary thereon was not only proven, but admitted in evidence.

The defendant plead not guilty by reason of insanity. It appears he had been committed to the asylum at one time for attempted suicide. He had been confined for treatment in several private and government hospitals on several occasions. The defendant made a plea of present insanity before trial, that he was not able to make a rational defense, which plea was tried by a jury and the issue, on the evidence, was resolved against him.

The medical proof as to insanity at the time of the crime was that the defendant knew right from wrong. Dr. C. S. Summers testified for the defendant, and when asked if defendant would know the nature and seriousness of such an act at the time he would commit the same, answered:

"I could only state what my opinion was at the time I examined him. What his condition or what condition might have been present at that time, I would be guessing, I am afraid.

"Q Could you give us that opinion, please? A He did seem to know right from wrong. He realized the seriousness of the offense with which he was accused, and he gave indications that he regretted his conduct and that he had no intention of committing further such offenses. He seemed to have complete insight into his problem and into the seriousness of the offense with which he was charged."

The case came to trial on the facts as herein related. The verdict of the jury is amply supported by the evidence. Since they are the sole judges of the facts, we are bound by their findings. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

The defendant's first contention for relief is that the trial court erred in not excusing the jury before admitting testimony of the officers with reference to defendant's oral statement to them, that he exposed himself to two teen-age girls, fifteen or sixteen years of age, at the place and time named in the information; and that he did this in response to an urge about twice a year to do so. To this testimony the general objection of incompetency and immateriality was interposed for the reason no proper predicate had been laid for such testimony. This objection was overruled.

At one stage of the proceedings the defense counsel also based his objection on the ground of duress. At no time in the proceedings did the defense ever advise the trial court if desired to offer evidence concerning the question of duress or involuntary character of the confession related. He stood on the naked objection and exception to the court's ruling.

It appears from this record it was an attempt to raise an objection by innuendo, unsupported by proof. The trial court in the absence of a bona fide offer to establish the objection of the inadmissibility of the statement by proof, had a right to proceed with the proof of the confession, in the presence of the jury. Such objection must be supported by a tender of proof that the objection is well founded.

In State v. Roland, 336 Mo. 563, 79 S.W.2d 1050, 102 A.L.R. 601, the Supreme Court of Missouri held:

"Where the defendant in a criminal case assigns error in the admission of his confession without first having heard testimony to support the objection that it was involuntary, and the

bill of exceptions shows merely that the defendant objected to introduction of the confession on the ground that it was procured under circumstances making it involuntary, it will not be presumed by the appellate court, in passing on a motion for a new trial, that any request was made by the defendant of the trial court to hear testimony, or that the defendant offered to prove that the confession was obtained under circumstances rendering it involuntary.

"It will not be presumed that the confession of one on trial on a criminal charge was involuntary merely from a statement to this effect in the objection by him to introduction of such confession in evidence.

"An extrajudicial confession of an accused person is presumed to be voluntary until the contrary is shown.

"A defendant in a criminal case who objects to the introduction in evidence of a confession by him, on the ground that it was involuntary, should make timely offer of evidence showing the incompetency of the confession, or request that a preliminary investigation of the matter be made, and to be timely, such an offer or request should be made before the court rules on the evidence offered."

And in People v. Knox, 302 Ill. 471, 134 N.E. 923, 925, the Supreme Court of Illinois said:

"The court is not bound to make such inquiry where, as here, counsel merely objects on the ground that the statement concerning which the evidence was offered was obtained by duress. * * * The defendant had offered no evidence on the question, and there was nothing before the court at the time the objection to the evidence was made, to prove a threat or promise, or other improper influence or inducement tending to bring about the confession, and while the defendant afterward testified to such facts, there was no motion to exclude the evidence of the

confession after such testimony was given. It was therefore held that the confession was properly submitted to the jury. To the same effect is Bartley v. People, 156 Ill. 234, 40 N.E. 831. See 12 Cyc. 482; 1 Greenleaf on Evidence, 219; 6 Am. & Eng.Ency. of Law (2d Ed.) 554."

■ In Rhamy v. State, Okl.Cr., 307 P.2d 555, 558, this Court said that ordinarily the admissibility of a confession should be determined out of the presence of the jury. Therein, as in the case at bar, counsel did not ask the trial court to hear evidence on the inadmissible character of the statement. The court therein said, "At no stage of the proceedings did counsel ever request the court to invoke the procedure outlined by Williams v. State [93 Okl.Cr. 260, 226 P.2d 989]." Herein, as in that case, defendant raised the objection, stood on it and his cross-examination of the officers, whose testimony reflected nothing in support of his claim now made, of duress. This conduct did not sustain the burden placed upon the defendant as a basis for the assertion of this contention on appeal. In Jamerson v. State, 47 Okl.Cr. 112, 287 P. 775, this court said:

"It is not prejudicial error for the court to hear evidence on the competency of a confession in the presence of the jury, where, on such evidence, the confession was found to be competent and evidence of such confession is admissible. It could only be error to hear such evidence in the presence of the jury, where, on such hearing, the court should hold the confession incompetent, and should exclude the evidence of the confession, and even then it might not be prejudicial error."

Herein it appears that defense counsel did move to strike the statement evidence offered by the witness J. Paul Dodson, but did not save an exception to the court's adverse ruling. Concerning the similar evidence offered by Bob Wilson as to the oral statement, objection was raised on the ground of competency and no proper pred-

icate, which was overruled, with exception but no motion to strike was interposed.

At the conclusion of the State's case motion for directed verdict was made and overruled. At no place did the defendant ever offer to prove his claim of duress and that was essential to availability of the claim of prejudice. He did not attempt, much less establish the fact of any duress. In fact, in his testimony on cross-examination he admitted that he probably told the officers he exposed himself as it was charged he did, because there had been occasions when he had done so, and he knew that according to law it was a crime to do so.

The testimony concerning the statement could have been eliminated from the trial and the other evidence and defendant's admissions on his own cross-examination would have clearly sustained the conviction. Herein lies the test of prejudice. Under these conditions we do not see how the defendant could have been prejudiced by the proceedings in light of the whole record, and his failure to assume the burden on offering to show prejudice.

 The defendant next asserts that the trial court erred in its failure to give his requested instructions 6 and 9 concerning the weight and credit to be given the oral statement. We are of the opinion that the trial court's instruction No. 6 substantially covered the defendant's requested instructions 6 and 9 covering the weight and credit of the officers' testimony concerning the defendant's statement admitting that he exposed himself, as alleged in the information. Assuming this were not true, still this contention, in light of the authorities would not be grounds for reversal.

In Highfill v. State, 26 Okl.Cr. 420, 224 F. 729, this court ruled as follows:

"The refusal to give a requested instruction will not be held to be reversible error unless in the opinion of this court, after examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right."

See also Walker v. State, 89 Okl.Cr. 19, 204 P.2d 552.

The guilt of this defendant is clearly established. It was certainly not error under the conditions herein presented to refuse defendant's requested instructions.

 It is further contended that the trial court erred in admitting in evidence extrajudicial identification in a police line-up.

It has been held that this type of evidence can be reversible error, when offered as original testimony. Johnson v. State, 44 Okl.Cr. 113, 279 P. 933; Williams v. State, 49 Okl.Cr. 240, 293 P. 564; Gillespie v. State, Okl.Cr., 355 P.2d 451.

If counsel for the State would read our opinions and follow them, this error would not have occurred. It is well we note that one complainant in this case was not asked anything about the police line-up. In view of the positive identification by both the complainants of the defendant in the trial and the fact of positive identification by the one who was asked concerning the police line-up was buttressed beyond reasonable doubt by the defendant's cross-examination of her, this complaint was stripped of its efficacy. Gillespie v. State, supra. Under these conditions and the clear evidence of guilt, it was error, but harmless, to introduce evidence of police identification herein. 22 O.S.1951 § 1068.

In Bird v. State, Okl.Cr., 362 P.2d 117, 118, we said:

"Before the Court of Criminal Appeals can reverse a conviction for error in admission or rejecting of evidence, it must find from an inspection of the entire record that appellant was injured thereby, and to determine that issue it must consider whether appellant is guilty of the offense charged."

 In the fourth contention it is urged that the trial court erred in permitting introduction of the information in the prior conviction, because the allegations in the in-

formation emphasized the details of the crime.

The record reveals that the details of a prior conviction disclosed by the information therein, were little more than those contained in the judgment and sentence. Ervin v. State, Okl.Cr., 351 P.2d 401 is cited as authority for the contention.

The onerousness of prior charge in the case at bar is in the very nature of the offense itself, the character of which is disclosed by the judgment and sentence. The introduction of the information herein did not constitute any greater stigma on this defendant than did the judgment and sentence. Moreover, there was no attempt to parade the details of the prior conviction as there was in the Ervin case, supra. We are not here confronted with a situation as pointed out by Judge Nix, such as where the charge is murder and the conviction for second degree manslaughter, or where the charge is assault with intent to kill and the conviction is for assault and battery. In such cases the rule therein announced should be strictly adhered to. Hence we are of the opinion that each case must depend upon its own factual situation. Furthermore, in the case at bar the evidence of guilt, based on the proof and on defendant's admissions, is so overwhelming the claimed error in introducing the information is harmless. 22 O.S.1951 § 1068, and many cases.

■■■■■ The defendant's fifth proposition is that the trial court erred in not giving his requested instruction No. 3. He cites in support of this contention McKinley v. State, 33 Okl.Cr. 434, 244 P. 208. We do not believe this case is in point with the contention herein made. That case turned on the proposition that the exposure was not done "in a public place, or in the presence of others with a lewd or lascivious purpose," etc. Here the place was a very public one, and the question to be determined by the jury was the exposure made for a lewd and lascivious purpose, and it was resolved against the defendant after first determining the plea of insanity

against him. Moroever, there is no evidence in this record to support the theory embodied in said requested instruction "and mere negligent exposure or one contrary to established standards of propriety is insufficient upon which to convict the defendant." Instructions in a criminal case must be based upon the law as applied to the factual situation there involved. There is no evidence to support the giving of the instruction of negligent exposure, other than the quoted language. And, the court's instruction was identical with the requested instruction No. 3. This exposure was willfully and lasciviously made in a manner covered by the statute, 21 O.S.1951 § 1021. The general instructions given by the court covered the law and the facts.

■■■■ The sixth contention is that the court erred in not giving requested instruction No. 2 on the proposition that "all persons who commit a crime without being conscious thereof" are incapable of committing such crime, etc., setting out the burden of proof was on the defendant to establish the fact of lack of consciousness. This instruction was substantially covered by by the court's general instruction on insanity. The jury resolved the question of insanity against the defendant. In other words, they did not believe his evidence of unawareness of the commission of the act of exposure. In light of his own testimony to the effect that he felt impelled to do this about twice a year, a grave shadow of doubt was cast on this contention. In any event, this was a special plea of insanity covered by the trial court's general instruction thereon.

In Flowers v. State, 96 Okl.Cr. 191, 251 P.2d 530, 531, the rule is stated:

"Where the general instructions given by the court fully and fairly cover the law as applied to the issues of the case, it is not error for the court to refuse to give a requested instruction."

■■■■ Finally, the defendant complains, without the citation of authority to support the contention, that the trial court erred in not sustaining his request for examination

by a psychiatrist at the expense of the state. We know of no law that requires the fulfillment of such a request. The obligations to this defendant were discharged under the mental health law, as hereinbefore indicated. It was under no further duty.

For all the foregoing reasons the conviction, judgment and sentence herein imposed is affirmed.

NIX, P. J., and BUSSEY, J., concur.