## HOMER COX v. STATE.

No. A-7461. Opinion Filed March 14, 1931.
Rehearing Denied April 4, 1931.
(297 Pac. 320.)

Roy White and Hugh A. White, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Hughes

county of rape in the first degree, and his punishment fixed by the court at imprisonment in the state penitentiary for 25 years.

The evidence of the state was that the defendant and Bo McCullum induced Opal Smith, a young girl between 17 and 18 years of age, who is the prosecuting witness in this case, and one Ruby Woodruff, to get into an automobile with them for a drive about town; that the prosecuting witness was only casually acquainted with the defendant and at first refused to go, but finally got into the car; that Ruby Woodruff and Bo McCullum were intimate friends; that instead of driving around town, McCullum drove the car out into the country about 12 miles to a place known as the Rock schoolhouse, and McCullum and the Woodruff girl got out of the car and went into or around the schoolhouse, leaving the defendant and the prosecuting witness in the car; that after Ruby Woodruff and Bo McCullum had gone to the schoolhouse, defendant drove the car about 75 yards from the schoolhouse and stopped; that the prosecuting witness was dragged out of the car by defendant, who was threatening to break her neck and kill her; that he thereupon assaulted her and by force and fear overcame her resistance and had sexual intercourse with her; that defendant threatened to kill her if she made any outcry or told the other couple anything about it; that as soon as they got back to the prosecuting witness' home she told her mother; that her father and others immediately took her to a doctor, who examined her and found her throat scratched and bruised with finger marks, her legs bruised and mud on her shoes, and upon further examination found other injuries to indicate that she had been raped.

That at the time defendant was arrested, he inquired of the officers what the charge was and they told him

rape, whereupon defendant said: "How could it be rape when she consented?"

Defendant admitted taking the prosecuting witness in the car and going with the others to the Rock schoolhouse, and admitted that he had attempted familiarities with her, but denied that he had had any sexual intercourse with her.

Defendant contends first that this evidence is insufficient to support the verdict of the jury.

The prosecutrix tells a reasonable and credible story and all of the physical facts and circumstances in the case, together with the statement of the defendant, "How could it be rape when she consented?" corroborate her and were sufficient to establish the guilt of the defendant beyond a reasonable doubt.

Defendant next contends that the county attorney was guilty of misconduct in his argument to the jury.

The record shows the following proceedings to have been had:

"Mr. White: The county attorney has just stated to the jury that there is evidence in the record showing that there was scratches and mud upon the limbs of the prosecuting witness.

"The Court: He said 'The leg of the prosecuting witness.'

"Mr. Fancher: Yes, sir, 'the leg.'

"Mr. White: On the leg of the prosecuting witness, and the defendant objects to that portion of this statement with regard to there being mud upon the leg of the prosecuting witness, and state that there is no testimony to that effect.

"The Court: The objection will be overruled.

310

"Mr. White: Exception."

There is nothing in this statement of the county attorney or in the ruling of the court that would justify a reversal of this case.

The defendant further complains that the court erred in refusing to permit counsel for the defendant in his argument to the jury to read excerpts from the case of Sowers v. Territory, 6 Okla. 436, 50 Pac. 257. Counsel attempted to read from this case, and, upon objection of the county attorney, the court refused to permit any law to be presented to the jury other than that given to the jury by the instructions. The objections of the county attorney were properly sustained.

The evidence being sufficient to support the verdict of the jury, and there being no merit in the errors complained of by the defendant, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.