## A. O. SWEET v. STATE.

No. A-7822   Opinion Filed May 23, 1931.
Rehearing Denied June 19, 1931.
(300 Pac. 418.)

Melrose Minton, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Beckham county of the crime of larceny of domestic animals, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of three years.

The evidence of the state was that E. W. Blain was the owner of a ranch and several hundred head of cattle in Beckham county; that on the night of January 19, 1929, 29 head of cows and 2 calves were stolen from the Blain pasture and driven to the town of Benonine, and

there shipped out on the same night to Kansas City, Mo., where the cattle were later found and identified by Blain as his cattle and later returned to his pasture; that at about noon on the day that the cattle were stolen the defendant and a man named Spillers came to the Blain ranch and inquired for Lee Holmes, who was the foreman of the ranch; that, when they were informed Holmes had gone to Wellington in charge of some cattle, they inquired when he would be back, and, after waiting 20 or 30 minutes, they left in the direction of Benonine; that at about 12 or 1 o'clock on the 19th day of January, 1929, the defendant appeared at Benonine and requested R. E. Vance, the station agent at such place, to procure a stock car for the shipment of cattle, and that he was accompanied by Spillers, who had been with him at the Blain ranch a short time before; that the agent wired the chief dispatcher, and received information that a car would be obtainable to load out a car of cattle at Benonine that night; that defendant signed the billing of the cattle. This bill of lading was introduced in evidence.

Vance, the agent, testified:

That the billing was signed by the defendant, A. O. Sweet, under the name of the Farmers' National Bank. That on the 19th day of January, 1929, L. G. Alexander was the night clerk at the station of the Rock Island Railroad Company at Texola. That the defendant came to him and requested him to call the dispatcher and tell him the cattle were at Benonine ready to load and ready to go, and that this was some time around midnight of the night the cattle were stolen. That the stolen cattle were shipped to Kansas City in car No. 76351, consigned to Wilson-Eagan Company, commission men, and this car was delivered to the stockyards at Kansas City, and contained the stolen cattle. That on count at the stockyards in Kan-

sas City the car was found to contain 29 head of cows and 2 head of calves. That they were red, white-faced Hereford cows, branded "V" slash on the hip and jaw. That this was the Blain brand, and that these cattle were Blain's cattle.

That one of the defendant's horses and his saddle had been left with a man named Hick Jones, who lived about a mile and a half from the Blain ranch; that on the day of the theft of the cattle at night the defendant's saddle and horse were taken from Jones' place during his absence somewhere between 12 o'clock Saturday and Jones' return that night. That horses were used to drive the cattle to the railroad station for loading.

Defendant did not take the witness stand, but called a number of witnesses to testify to his good character.

Defendant contends that the evidence of the state is insufficient to support the verdict of the jury.

The facts and circumstances set out in this opinion, together with other evidence in the record, were sufficient to support the verdict of the jury.

Defendant next contends that the county attorney was guilty of misconduct in misstating the law to the jury.

The record contains the entire opening and closing argument of the state. The court had instructed the jury:

" 'All persons concerned in the commission of crime, whether they directly commit the act constituting the crime or aid and abet in its commission, though not present, are principals and may be prosecuted as such.'

"Now, remember that, gentlemen.

"Now, what are they relying on? What is the defense in this case? Why are they trying to deceive you, gentlemen, in this matter? Here is their case. Here is

their defense. Here is what Albert Sweet comes to you and asks you to turn him loose on. The fact that he possibly was not down there between eight and nine o'clock on Saturday night. What seems to be Albert Sweet's theory relative to whether or not a man can be convicted for stealing cattle? His idea is that unless you see him take them from out of the pasture—unless he was seen taking them out of the pasture of Ed Blain, then you cannot stick him for stealing cattle and I want to say to you, gentlemen of the jury that that is not the law in this state and it never will be the law in this state, because if you were not allowed to take the facts and circumstances surrounding the crime, that point to no other man in the world other than that man there, then I say to you that justice would be hard to find.

"Over there in paragraph seven of the court's instructions, he tells you, and I want the attorneys for the defendant to challenge me if my interpretation is not right, the court tells you:

" 'The defendant in this case has interposed, as one of his defenses, in addition to his plea of not guilty, what is known in law as an alibi; that is, if an offense was committed as alleged in the information, that the defendant, at the time of the alleged commission thereof, was not then and there present at the place where the offense was committed and therefore could not have committed the offense. If you entertain a reasonable doubt as to whether the defendant was then and there present at the time and place when and where the offense, if any, was committed, then you should give the defendant the benefit of the doubt and find him not guilty.'

"I want to say to you, gentlemen of the jury, that from the time those cattle were taken from the pasture of Ed Blain on the Saturday night of January 19th, until they reached the state of Oklahoma line, going into the state of Texas to be shipped to the markets in Kansas City by A. O. Sweet, I want to say to you that if at any time from the time those cattle left the pasture of Ed Blain until they reached the Texas line, if Albert Sweet

had anything to do with those cattle, he is guilty of taking and helping take those cattle out of the pasture over there of Ed Blain and is guilty of the crime charged.

"By Mr. Minton: Comes now the defendant and objects to the remarks of the county attorney as to the law in this case for the reason that it is not the law.

"By the Court: Objection overruled.

"By Mr. Minton: Exception."

Counsel for defendant had evidently been arguing that, unless the defendant was seen taking the cattle out of the pasture of Blain, he could not be convicted. This was not the law, and counsel for the state appear to have been attempting to answer the argument of the defendant.

To warrant a reversal on account of the argument of the prosecuting attorney, such argument must be not only improper and unwarranted upon some material point, but it must appear that this argument may have injuriously affected the rights of defendant. Morgan v. State, 9 Okla. Cr. 22, 130 Pac. 522; Cox v. State, 50 Okla. Cr. 307, 297 Pac. 320.

Defendant next complains that counsel for the state was guilty of further misconduct in the argument of the case to the jury.

No objection was made to any other part of the argument and no exceptions taken, and no motion made to instruct the jury not to consider such argument.

Where no objections are made to the argument of the county attorney and no exceptions taken to the same, and no motion made to instruct the jury to disregard any part of the argument, the record presents no question for this court. Williams v. State, 49 Okla. Cr. 240, 293 Pac. 564; Cox v. State, 50 Okla. Cr. 307, 297 Pac. 320.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of not being supported by the record, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.