## HUNTER TUCKER v. STATE.

No. A-1792. Opinion Filed June 14, 1913.

(132 Pac. 825.)

1. **INDICTMENT AND INFORMATION—Preliminary Examination— Necessity—Variance Between Information and Preliminary Complaint.** Section 17, Bill of Rights, prescribes: "No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." Held that, under the constitutional provision, the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution on information in the superior court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that defendant is guilty thereof that confers jurisdiction on the superior court and authorizes the county attorney to file an information in said court charging the crime complained of in the preliminary complaint when such examination has been waived by the defendant. And further **held**, that if the defendant on being brought before the examining magistrate waives his right to a preliminary examination, and it appears that the charge in the preliminary complaint is substantially the same as that set forth in the information filed by the county attorney in the superior court, a plea of want of a preliminary examination, or a variance between the preliminary complaint and the information, is unavailable.

2.  **TRIAL—Continuance—Discretion—Appeal.** An application for a continuance is addressed to the discretion of the trial court, and in reviewing the refusal of a continuance asked on account of an absent witness the evidence adduced at the trial will be considered by this court for the purpose of determining whether the alleged testimony was probably true, as well as whether it was material, if true, and this court will not reverse the judgment of the trial court upon its action in a matter of discretion, unless there appears a plain abuse of such discretion.

3.  **APPEAL—Exceptions—Remarks of Counsel—Preservation in Record.** Exceptions must be saved to alleged improper remarks of the prosecuting attorney in his argument to the jury, and such remarks must be preserved by being incorporated in the case-made, or by bill of exceptions, duly allowed, to render them available on appeal; and, when not so preserved in the record, such remarks cannot be shown by affidavit or mere recitals in a motion for new trial.

4.  **RAPE—Sufficiency of Evidence.** In a prosecution for rape, the evidence is held sufficient to support the verdict, and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Hunter Tucker was convicted of rape, and appeals. Affirmed.

*Shackleford & Norfleet,* for plaintiff in error.
*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., *(Jos. L. Hull, of counsel),* for the State.

DOYLE, J. The plaintiff in error, Hunter Tucker, was at the May, 1912, term of the superior court of Custer county, convicted upon an information charging him with the crime of rape committed upon one Jessie Tucker, the daughter of the defendant, and his punishment was fixed by the jury at imprisonment in the penitentiary for a term of 31 years. On May 27, 1912, the court pronounced judgment, and sentenced the defendant in accordance with the verdict of the jury. To reverse the judgment an appeal by case-made was perfected.

The record shows that the complaint was filed before S. A. Smith, justice of the peace, January 26, 1912, charging

Hunter Tucker with the crime of rape, committed upon Jessie Tucker, verified by the oath of Jessie Tucker, and on the same day the defendant was arrested and brought before the committing magistrate, and waived a preliminary examination. March 2d an information was filed in the superior court charging rape in the second degree. On May 23, 1912, by leave of court an amended information was filed, charging rape in the first degree, committed upon Jesse Tucker, a female under the age of 14 years. Thereupon the defendant moved to dismiss the case for the reason that the defendant had no preliminary examination, nor had he waived the same. The court overruled the motion, and permitted the committing magistrate to indorse his finding and order of commitment on the original complaint, as follows:

"It appearing to me that the offense in the within information mentioned, to wit, the crime of rape has been committed, and that there is sufficient cause to believe that the within named Hunter Tucker guilty thereof, he having been arraigned and advised of his right to counsel, and he having waived preliminary examination, he is admitted to bail in the sum of $15,000, and it is further ordered that he is committed to the custody of the sheriff of Custer county until said bail be given. Dated January 26th, 1912.    S. A. Smith, Justice of the Peace."

Our Procedure Criminal (section 5680, Rev. Laws) prescribes that " the magistrate must in like manner indorse on the complaint an order signed by him," and (section 5692) prescribes that, when the magistrate has held a defendant to answer, "he must return immediately to the clerk of the district court of the county, the warrant, if any, the complaint, the depositions, if any has been taken of all the witnesses examined before him, the statement of the defendant, if he have made one, and all undertakings of bail, or for the appearance of witnesses taken by him, together with a certified record of the proceedings as they appear on his docket."

The constitutional provision (section 17, Bill of Rights) and the statute were construed in the case of *Williams v. State,* 6 Okla. Cr. 373, 118 Pac. 1006. In the opinion it is said:

"Under the constitutional provision the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution for a felony by information in the district court, and, even though the examining magistrate failed to indorse his finding and order on the preliminary information, the district court had jurisdiction to order that a proper indorsement as prescribed by the statute be made. The finding and order of the magistrate made upon the preliminary examination and entered on his docket was sufficient to confer jurisdiction on the district court."

The failure of the committing magistrate to indorse his findings and order in the first instance on the preliminary complaint is not jurisdictional, and where the proper order has been made and entered, and is shown by the transcript transmitted to the superior court, that in itself is sufficient to show jurisdiction.    The defendant having waived his right to a preliminary examination and no testimony having been taken, the county attorney was authorized to file an information in the district court or superior court for the offense charged in the preliminary complaint before the committing magistrate.    The preliminary complaint in this case charged the crime of rape, committed upon one Jessie Tucker, and was sufficient to sustain either the first or the amended information.    *Wines v. State,* 7 Okla. Cr. 450, 124 Pac. 466.    Whether an examination has or has not been had or has been waived is a question of fact to be raised by the defendant.    If he claims that this constitutional right has been denied to him, he can and should do so when he is arraigned upon the information by filing a plea in abatement, or by a motion to quash or to set aside the information.    *Williams v. State, supra.*    The motion to dismiss, which we have considered here as a motion to quash, is not presented by the record so as to make it available as it appears that said motion was not made until after the defendant had entered his plea of not guilty to the amended information. This plea was never withdrawn, nor was any request to withdraw the same ever made.    However, there can be no question but that the defendant's constitutional right to a preliminary exam-

ination was waived in the first instance; therefore the trial court properly overruled the motion.

When the case was called for trial, the defendant presented to the court his affidavit for a continuance, which, omitting the formal parts, is as follows:

"That one Henry Bailey, whose evidence is material in this case, has not been found, and is now absent from this county; that the defendant at the earliest possible date, had a subpoena issued for the said Henry Bailey and sent to the sheriff of Grady county, the last known place of residence of the said Bailey, and that the said subpoena has been duly returned stating that the said Bailey has not been found; that he is not absent through any fault or connivance of this defendant, and the defendant with due diligence has thus far been unable to ascertain his exact whereabouts, but expects to have the evidence of the said Henry Bailey by the next term of this court; that if present the said Henry Bailey would testify as follows, to wit: That during the months of October and November, 1911, he was in the employ of the defendant on his farm; that by virtue of his said employment he had occasion to be in and around this defendant's home quite frequently; that upon many different occasions he saw one Oscar Stoughton at the defendant's home; that upon two different occasions he caught the said Oscar Stoughton in the act of sexual intercourse with Jessie Tucker; that he had a conversation with the said Stoughton relative to his conduct, in which the said Stoughton told him he had not only had intercourse with Jessie Tucker, but that he had been 'playing the game with the whole family'; that witness had heard that the said Oscar Stoughton was afflicted with syphilis, and in said conversation he asked the said Stoughton if this report were true, to which he replied, 'Yes; I have it, and I expect I have given it to the whole damn family'; that he asked the said Stoughton if he were not uneasy for fear this defendant, the father of Jessie Tucker, would do him personal violence should he learn of his conduct; that the said Oscar Stoughton told him that he was not afraid in the least because if any trouble were to arise, or if this defendant learned of his conduct and started any trouble, he would make the whole family swear that it was this defendant who had been having such illicit intercourse with them; that they were all afraid of him, the said Oscar Stoughton,

and he would make them swear anything he wanted them to; that the said Bailey just before leaving the employ of the defendant in November stated to this defendant the matters and facts above set forth, and told him not to take his word, but if he would watch he could be convinced of its truth; this affiant believes said statements to be true, and that he knows of no other source by which such evidence could be furnished; that this application for continuance is not made for the purpose of delay, but that justice might be done him. Wherefore he prays the court to continue this cause until the August term thereof."

The court overruled the application, and ordered the trial to proceed, and this ruling of the court is assigned as error.

Under our statutes, the granting or refusing of an application is a matter within the judicial discretion of the trial court. In reviewing the refusal of a continuance, on account of absent witnesses, the testimony taken in the trial is considered by this court for the purpose of determining whether the absent testimony was probably true, as well as whether it was material, if true. Oscar Stoughton was a witness for the state and the defendant did not cross-examine him at all, and no predicate was laid for this impeaching testimony which it is averred the absent witness would have given. The affidavit does not show the exercise of proper diligence to procure his attendance, and there was no showing of any probability of securing his attendance at a future date. The complaint was filed in January; and, if the whereabouts of the witness had not been learned in May at the time of the trial, what reason had the court to believe that he would ever be found. No abuse of discretion being shown, there was no error in overruling the motion for continuance.

We think it unnecessary to set out the revolting details of the testimony in this case, further than to state that the proof on the part of the state was substantially as follows:

The complaining witness, Jessie Tucker, testified that on or about December 1, 1911,, the defendant had sexual intercourse with her, and that he had sexual intercourse with her at other times prior thereto; that once or twice he made her go to bed

with him and had sexual intercourse with her, that her sisters Alice and Lily were present when he compelled her to go to bed with him; that she was fourteen years of age January 1, 1912; that she told her mother that the defendant had forced her to submit to sexual intercourse with him.

Alice Tucker, 18 years old, daughter of the defendant, testified to several specific acts of sexual intercourse by the defendant with her sister Jessie, and that the defendant often threatened to kill them if they should tell of his misconduct.

Lily Tucker, 17 years old, testified to the same state of facts.

Two practicing physicians testified that in January, 1912, they examined the prosecutrix, and found that she was afflicted with a venereal disease.

The defendant's theory of defense was that his wife had procured their daughter to make the complaint so that his wife might procure a divorce and get his property, and that his daughters were wayward, and he had trouble with them, and had to whip them for disobeying him by going with questionable characters in the neighborhood, and they had entered into a conspiracy to send him to the penitentiary. As a witness in his own behalf, he stated that he was 43 years of age, and had lived in Custer county since 1897. He denied being guilty of any improper conduct towards the prosecutrix; that for several years he had trouble with his daughters because they wanted to keep company with unfit persons, among others Earl Fox and Oscar Stoughton; that he discovered his daughter Lily having improper relations with Earl Fox, and whipped her, and she stated in the presence of the other girls and their mother that she was going to send him to the penitentiary for life; that he discovered prosecutrix having improper relations with Oscar Stoughton and whipped her, and she made threats that she was going to get him out of the way; that when he was arrested and committed he was unable to give bail, and his wife sued him for a divorce and secured an injunction

prohibiting him from transferring or incumbering his property.

The clerk of the superior court, called as a witness for the defendant, produced records showing that an action for divorce had been filed by the wife of the defendant, and an injunction allowed restraining the defendant from selling or transferring any of his property, real or personal; that incestuous conduct with his daughters was one of the grounds.

In rebuttal, C. E. Cox testified that he was sometimes called Earl; that he lived with his folks near neighbors to the Tuckers, and the girls often came to visit his sisters; that he went with Lily Tucker, and took her home from preaching a few times, and there never was any improper relations between them; that the defendant tried to whip him for this, but he could not run fast enough to catch him.

Oscar Stoughton testified that he made his home with his brother, Tom, a son-in-law of the defendant, who lived in the same neighborhood, and that he went a half dozen times with Alice Tucker to Sunday school, and there was nothing improper in his relations with the defendant's daughters, nor did the defendant ever accuse him with doing anything wrong with his daughters.

Alice Tucker denied that she ever threatened to send her father to the penitentiary, except one time when he was mistreating her, and he said "there is no law that can handle me;" that she never heard the defendant accuse any of her sisters of having intercourse with anybody.

Lily Tucker testified that the defendant never accused her of having improper relations with Earl Fox, but objected to her going with him; that she never threatened to send him to the penitentiary; that when he was guilty of improper conduct she said to him, "Don't you know there is a law that can handle you for this," and he swore and said, "There is none that can handle me."

The prosecutrix denied that her father had ever caught her in the plum thicket acting improperly with Oscar Stough-

ton, and the only reason he whipped her was because she refused to willingly submit to his lecherous desire.

Finally, it is contended that error was committed by the court in permitting the prosecuting attorney in his argument to the jury to use the following language:

"If it hadn't been for the cross-examination, you would never have known that defendant had sexual intercourse with his other daughters, Alice and Lily."

No objection was made or exception saved to this remark, and, if made, it is not shown in the case-made, except as one of the grounds in the motion for a new trial.

By numerous decisions of this court the rule is settled that misconduct of a prosecuting attorney in his argument to the jury can only be shown by being properly incorporated in the case-made, or by bill of exceptions duly allowed, and when not so preserved in the record cannot be shown by mere recitals in a motion for new trial. Therefore this assignment cannot be considered.

While there is some conflict in the testimony, it strongly tends to show the defendant's guilt, and we find little in the case to make us look with favor upon the mere technical objections raised by the defendant. The trial was eminently a fair one. The jury were fully and properly instructed as to the law, and they found the defendant guilty of the offense charged, and we find no reason for disturbing their finding.

It follows that the judgment must be affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.