## LUTHER CLOGSTON v. STATE.

No. A-5206.   Opinion Filed May 8, 1926.
(245 Pac. 905.)

J. Q. A. Harrod, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of manslaughter in the second degree and sentenced to serve a term of two years in the state penitentiary.

The only assignment of error argued is that the evidence is insufficient to sustain the verdict. The record discloses a state of facts about as follows: In September, 1922, the defendant and the deceased, Albert Henderson, were employed at the New State Laundry, Oklahoma City. A young man named Price roomed at the home of Henderson. On the afternoon of September 27th, he and defendant went to Henderson's home, and Price gave defendant a drink of wine, and they took a bottle away with them. Again that afternoon they returned to the Henderson home and got another drink of wine. Price, it appears, told defendant that it was his and Henderson's wine, and that he had a right to it. The next morning before defendant got to the laundry, Henderson, who was something of a pugilist, told Price that he and defendant had stolen some of his wine and that he was going to whip them. He took Price and went to the fair grounds looking for defendant, but, not finding him, returned to the laundry. Later defendant came to the laundry, and Henderson accused him of having stolen some of his wine, and said: "I believe I can whip both of you." Defendant then started to run, but Henderson caught him and they had a difficulty, in which defendant was severely beaten. After whipping defendant, Henderson ordered the Price boy down stairs and kicked him a couple of times as he was going. Almost immediately the difficulty between defendant and Henderson was renewed, and in the course of the difficulty defendant seized a bottle of carbolic acid used in making ink in the laundry, which was setting near, and struck Henderson

over the head with it; the bottle was broken and the acid spilled over Henderson and defendant. Both were rushed to the hospital, the death of Henderson from acid burns resulted, and defendant was dangerously burned.

Mrs. A. Harrold, an employee at the laundry, saw part of the difficulty. She testified that Henderson struck defendant with his fist and then grabbed a laundry truck, shoved it at defendant, who grabbed it with one hand and fought with the other; Henderson then ran around the truck and seized defendant, and they fought some time, then the difficulty ceased for a short time; that Henderson took the Price boy to the stairway and kicked him down. Henderson then came back and immediately grabbed defendant, and the fight was renewed, and when they were near the desk where the acid bottles were kept she heard a crash, but did not see the blow with the bottle.

Mrs. Weaver, another employee of the laundry, testified they had been fighting some little time, and the fight ceased temporarily. Then Henderson shoved a truck at defendant, and defendant shoved it back, but did not hit Henderson. Henderson then seized defendant, and they got back toward the desk, and she heard a crash of the bottle.

Defendant in his own defense testified he was assaulted by deceased and severely beaten and two or three of his ribs fractured; that he tried to escape from deceased but could not; that in the course of the difficulty when near a desk he was struck on the head by deceased and dazed; that he pulled himself up by the desk and seized a bottle and struck deceased; that he did not know what was in the bottle; that it was broken by the blow and its contents spilled over both of them; that he was unable to defend himself from the attack of deceased and acted in his necessary self-defense.

The physicians who attended defendant testified that he was severely beaten and wounded and probably had fractured ribs. There is no sharp conflict in the testimony, but all the witnesses recount the circumstances in substantially the same way.

Since the facts proven and the credibility of the witnesses is within the province of the jury, this court is very reluctant to reverse a case on the insufficiency of the evidence, and it is only where there is no evidence from which the jury could rationally conclude that a defendant is guilty, or where the verdict is based on such weak and inconclusive evidence, or is so clearly against the weight of the evidence, as to convince the court that the jury erred in its judgment on the facts, that it will set aside a verdict for insufficiency of the evidence. However, as we view the evidence here, a case of self-defense is clearly shown. The verdict and judgmnt are not sustained by the evidence.

The case is reversed and remanded, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.