# JOHN QUITMAN v. STATE.

No. A-5669.  Opinion Filed Nov. 6, 1926.
(250 Pac. 441.)

Barefoot & Carmichael, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charged that in Lincoln county, on the 6th day of January, 1925, Hugh McCartier and John Quitman did feloniously take, steal, and carry away, and against the will of one R. P. Adkins, the owner, one Ford roadster of the value of $200.  Hugh McCartier pleaded guilty and was sentenced to serve a term of 5 years.  Upon his trial John Quitman was found guilty and his punishment was fixed at imprisonment in the penitentiary

for the term of 10 years. He has appealed from the judgment rendered on the verdict.

It appears that appellant was represented by counsel appointed by the court to defend him and being unable to give bond was committed and is now in the penitentiary. The grounds of the motion for new trial and assigned as error are that said verdict appears to have been given under the influence of passion and prejudice; that said verdict is not sustained by sufficient evidence; and alleged improper remarks of the county attorney in arguing the case to the jury.

The alleged improper remarks are not incorporated in the case-made by recital, or by bill of exceptions, but only appear to be presented by a recital in the motion for a new trial, and for this reason cannot be reviewed.

By numerous decisions of this court the rule is well settled that misconduct of the county attorney in his argument to the jury can only be shown by being properly incorporated in the case-made, or by bill of exceptions duly allowed, and, when not so preserved in the record, cannot be shown by mere recitals in a motion for new trial. Tucker v. State, 9 Okla. Cr. 587, 132 P. 825.

The owner of the car testified that it was stolen from in front of his house in Chandler on the night of the day alleged; that he notified the sheriff's office; that he next saw it about a week afterwards at McLoud, where he went on notice from the sheriff's office.

Will Roberts testified that he lives at Newalla, six miles west of McCloud; that just before daylight he heard a car turn over and lit a lantern and went to the car and found two negro boys there, and they

asked him to help to turn it over, and they tried several times, but could not turn it back; then they left and went down towards the depot, saying they would come back after the car. On cross-examination he testified as follows:

"Q. You are not positive that he is the boy? A. Well, I would not swear positively he was because it was not light when I went out there, only by the car, and the way he was cut, all, and the other boy he was with."

The two defendants were arrested, together at Shawnee that day. McCartier, who had pleaded guilty and had been sentenced, testified that he and another man, not the defendant Quitman, stole the car, and the other man was driving it when it turned over. Appellant, as a witness in his own behalf, denied any connection with the taking of the car, and further testified in support of his alibi defense.

We have read the record with care and find it free from substantial error. As to the sufficiency of the evidence, we think there can be little doubt.

Finally, it is contended for appellant that the punishment imposed is excessive and too severe, and the Attorney General declines to oppose a modification of the sentence.

We are inclined to think that the ends of justice would be fully met by a modification of the judgment and sentence, and the same is hereby modified to a term of 5 years' imprisonment in the penitentiary, and as thus modified the judgment is affirmed.

The clerk of this court is directed to furnish a copy of the opinion to the warden of the penitentiary, who shall acknowledge receipt of the same.

BESSEY, P. J., and EDWARDS, J., concur.