# BARNIE ROBERTS v. STATE.

No. A-8458.   Jan. 6, 1933.
(17 Pac. [2d] 973.)

J. T. Daniel, E. L. Dillard, and Earl Pruitt, Co. Atty., for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of burglary in the second degree, and sentenced to serve a term of three years in the penitentiary, and appeals.

The testimony on behalf of the state tends to show that a note was left in the register of one of the school teachers in the school building at Ringling, Okla., district No. 14, of Jefferson county, making a suggestion too abominable and detestable to be repeated in this opinion. When the note was found the teacher reported to the superintendent, and after a conference the teacher wrote a note saying, "Here Saturday night 9 o'clock," and left it in

the register where the first note was found. The superintendent and others went to the school building early in the evening prior to the hour fixed by the note and closed all the windows and doors, and arranged the lights; between 8 and 9 o'clock the defendant came to the school building and raised a window and entered the building, and came down through the hall toward the room where the teacher that had written the note taught, where he was apprehended by the superintendent and others. On his person was a pistol. No testimony was introduced by the defendant. No explanation was made why the defendant entered the school building through the window.

Several errors have been assigned by the defendant, some of which do not possess sufficient merit to warrant the court in specifically mentioning or considering them. In his first assignment the defendant urges that the court erred in overruling his demurrer to the information. After a careful examination, we hold it stated sufficient facts to advise the defendant of the charge against him in clear and concise language. In the second and third assignments the defendant urges the court erred in overruling his demurrer to the evidence, and request to instruct the jury to return a verdict of not guilty. These two assignments of error argued by the defendant do not possess sufficient merit to warrant a reversal of this case. The testimony is sufficient to sustain the verdict of the jury.

Complaint is further made by the defendant that the court erred in refusing to give certain instructions requested by him. After carefully considering the instructions given by the court, we hold the court's instructions correctly stated the law as applied to the facts in the case, and that the complaint of the defendant of the court's re-

fusal to give his requested instructions are without merit, as the general instructions substantially covered the instructions requested by the defendant.

The defendant in his eighth assignment complains of the court orally instructing the jury to disregard the remarks of the county attorney in his closing argument, when he stated to the jury that the defendant had not been denied anything in this case. An examination of the record fails to disclose that any such statement was made by the county attorney. The first time this question seems to have entered into the case is in the defendant's motion for a new trial. In Quitman v. State, 35 Okla. Cr. 245, 250 Pac. 441, following Tucker v. State, 9 Okla. Cr. 587, 132 Pac. 825, this court has repeatedly held that before such a contention will be heard the remark complained of must be incorporated in and preserved as a part of the record at the trial of the case. Mere recitations of such facts in the motion for a new trial are not sufficient as the court will be bound by the record.

It is urged by the defendant that the witnesses Poole and Smith were accomplices, and therefore their testimony should have been corroborated. After carefully examining the record, we hold that the witnesses Poole and Smith are not accomplices within the meaning of section 3071, Okla. Stats. 1931.

The defendant was tried and convicted for burglary in the second degree; that is, that he entered the school house for the purpose of committing a felony. It is clearly shown by the evidence that when the defendant entered the school building he entered it for the purpose of committing an abominable crime defined as a felony under our statute.

The defendant was accorded a fair and impartial trial; the court properly instructed the jury as to the facts. No fundamental or prejudicial errors appearing in the record sufficient to warrant a reversal, the case is affirmed.

EDWARDS and CHAPPELL, JJ., concur.