## ROY PETERS v. STATE.

No. A-9770. Jan. 29, 1941.
(110 P. 2d 300.)

**176**

Mac Q. Williamson, Atty. Gen., and M. F. Hudson, Co. Atty., of Idabel, for the State.

Wm. A. Tidwell, of Idabel, for defendant.

BAREFOOT, P. J.   Defendant was charged in the county court of McCurtain county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $250 and serve 180 days in the county jail, and has appealed.

This case arose from the search of defendant's apartment by the officers of McCurtain county in Idabel on the 17th day of April, 1939.   It is contended that the search warrant issued in this case was illegal, and for this reason the judgment and sentence should be set aside.   It is necessary to briefly review the facts.

Defendant, who was a single man, was occupying a room in what was known as "The Russell Apartments." The evidence revealed that this was a two-story building

in the business section of the city of Idabel. The lower story was unoccupied. The upper story had several apartments. The only ones being occupied were the room of the defendant and one adjoining room occupied by Lloyd Tollett, who was single, but who had furniture stored in an adjoining room that was locked. No other person occupied said premises.

On the 17th day of April, 1939, Sam Sellars, the chief of police, had occasion to be watching the upstairs of the building above described. He saw a party coming down the stairway and followed him to his automobile and searched him and found on his person a pint of gin. He had no search warrant of any kind or character, but he took this party to the office of the sheriff of McCurtain county, and the county attorney was called immediately. He came to the sheriff's office, and the Chief of Police, Mr. Sellars, Undersheriff L. C. Roundtree, and Deputy Clyde Tinsley immediately went to the apartment or room of defendant, Roy Peters, for the purpose of searching the same. They did not procure and did not have a search warrant. When they arrived at defendant's room, they found a crap game in progress. The defendant, Roy Peters, was present. All of the parties were arrested and taken to the sheriff's office. No intoxicating liquor was found at defendant's room at this time.

After arriving at the jail, the chief of police, Mr. Sellars, and Officers Tinsley and Deputy J. D. Butler returned to the room of Roy Peters. A search warrant had been prepared upon an affidavit made by the county attorney. The officers had this search warrant at the time they searched the premises the second time. It is unnecessary to set out the affidavit in full in order to pass upon the questions here involved. The description in the affidavit for search warrant specifically names the

defendant, Roy Peters, as the party whose room was to be searched, and the description was as follows: "In a two story building located upon Lot 6, Block 17, Original Town of Idabel, Oklahoma."

It is contended:

1. That the court erred in refusing to suppress the testimony on account of an illegal search warrant based upon the description of the premises as above set forth, and for the further reason that it was based on information and belief.

2. That the court erred in refusing to sustain the objections to the county attorney's argument and the misconduct on the part of the county attorney in his closing argument to the jury.

It will be noted that the search warrant issued in this case named the defendant, Roy Peters, as being the party whose premises were to be searched. It was certain as to the fact that he occupied a room in the building described in the search warrant. In fact, no one else was occupying any portion of the building except the one adjoining room that was occupied by Lloyd Tollett. No attempt was made by the officers to search any part of the premises except those of defendant. The officers were in no way deceived by the terms of the description in the warrant, and under these facts we do not think the court erred in refusing to suppress the evidence received under the search warrant by reason of the description therein.

It may be further stated that there was no evidence taken on behalf of the defendant upon any motion to suppress the evidence in this case before announcing ready for trial. It was during the trial of the case that defendant first raised the objection that the evidence should be suppressed by reason of the description in the search war-

rant. If the officers had found the whisky when they were first there and did not have a search warrant to search the premises, and this prosecution had been based upon that search, then it would have been necessary to sustain the motion, for the reason that the officers had no search warrant. Before making the second search, the officers procured a search warrant and had the right to search the premises by reason thereof.

The contention that the affidavit was based upon information and belief and not upon facts cannot, in our opinion, be sustained. It is argued that the affidavit and search warrant are identical with the affidavit and search warrant in the case of Freeman Davis v. State, 65 Okla. Cr. 306, 86 P. 2d 65, which said case was reversed for the reason that the affidavit was made by the county attorney of McCurtain county, and that it appeared he was not familiar with the facts, and that the affidavit was made upon information and belief. But the affidavit in this case has two direct allegations that were not contained in the affidavit in the Freeman Davis Case. The first is an allegation that the defendant had purchased and was in possession of a Federal Internal Revenue stamp, which authorized the sale of intoxicating liquor at the very address alleged in the search warrant. The license was in the name of the defendant. The defendant admitted when upon the witness stand that he had such federal license. The other allegation in the affidavit was to the effect that the chief of police of the city of Idabel had arrested John Gentry in the possession of a pint bottle of gin ten minutes before and while he was leaving the premises described in the search warrant. Besides these facts, the county attorney knew of the search by the officers just prior to the making of the affidavit. This was certainly enough knowledge to authorize the county attorney to make an affidavit for the

purpose of searching the premises of the defendant. Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 186. The evidence of the chief of police as to the searching and finding the pint of gin on the person of John Gentry was not competent evidence to be presented to the jury in the possession case against defendant, but no exception was taken to the introduction of the same. The only reason for it being competent was that no testimony was taken by defendant on the motion to suppress the evidence and no exception was taken. Defendant announced ready for trial and on the trial was the first time that the motion to suppress was made. The evidence of the chief of police was competent to be considered by the court, as to the knowledge had by the county attorney in making the affidavit to search the premises described in the search warrant.

It is next contended that the court erred in not sustaining an objection to the argument of the county attorney and to the misconduct of the county attorney in his closing argument to the jury. The record contains the whole argument of the county attorney and assistant county attorney. The basis of the objection is that the county attorney said in his closing argument: "I think this search warrant is good, but we have a Criminal Court of Appeals in this state that goes off on a wild tangent, and anything to reverse a search warrant."

It was further stated by the county attorney: "I drew the affidavit myself in the Freeman Davis Case, and they reversed that case."

The record does not disclose that an objection was taken by the attorney for defendant at the time the statement was made in the proper manner to protect the record as has been held by this court. The record, after giving the address of the county attorney, has this statement: "Defendant objects to the argument of county attorney,

which objection is by court overruled, to which defendant excepts, and exceptions allowed."

¦    This is the only notation in the record to show any objection was made to the argument of the county attorney. It does not show to what part of the argument objection was made, and does not show that the court overruled the objection, and an exception was taken thereto. Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57; Quitman v. State, 35 Okla. Cr. 245, 250 P. 441; Buck v. Territory, 1 Okla. Cr. 517, 98 P. 1017; Irvine v. State, 10 Okla. Cr. 4, 133 P. 259. But notwithstanding this fact, it was doubtful that this statement is sufficient to reverse this case. The county attorney was evidently firmly of the belief that this court had gone off on a wild tangent, as will be shown by his further argument in this case when he states that he knew that the affidavit in the Freeman Davis Case was right "because I drew the affidavit myself." He is stating a fact which he verily believed, whether the evidence supported it or not, and as for the members of this court, we think that the old adage that it is the privilege and prerogative of an attorney who has lost his case to "cuss the court" is still in force in this jurisdiction if he does not do so in the presence of the court. As to whether the court acted wisely in deciding the Freeman Davis Case as it did will be left for decision in the future. Freeman Davis v. State, 65 Okla. Cr. 306, 86 P. 2d 65. We do not exactly see how the facts of that case should have any application to a decision of the case at bar.

It is further insisted that there was misconduct on the part of the county attorney when he said:

"That testimony, Gentlemen of the Jury, about the dice game, that is just another toe-hold I am taking on Roy Peters, because under the laws of this state, if he was down there permitting people to gamble in his place, the officers

had the right to go back and search him at any reasonable time, without a search warrant. * * *

" * * * If he knowingly permits people to gamble in his place of business, or his home, the officers have got the right to go down and search his place to their heart's content."

The same statement heretofore made is applicable to this statement. The defendant did not properly protect the record in asking the court to instruct the jury to disregard this statement at the time it was made and if it was refused, take an exception. Of course it is useless to remark that the statement made by the county attorney that the officers could "search his place to their heart's content" without a search warrant is not the law. The Constitution of the United States and of this state and the statutes in pursuance thereof each explicitly provide that this cannot be done. Articles 4 and 5 of the Bill of Rights of the Constitution of the United States; article 2, section 30 of the Oklahoma Constitution, Okla. St. Ann; §§ 3221, 3222, 3223, 3224, and 3225 of Oklahoma Statutes 1931, Oklahoma Statutes Annotated, title 22, §§ 1221, 1222, 1223, 1224, and 1225. And this court, from its earliest days to the present time, has so held. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Searcy v. State, 33 Okla. Cr. 421, 244 P. 203; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424; Baker v. State, 35 Okla. Cr. 62, 248 P. 846; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; Gransbury v. State, 64 Okla. Cr. 423, 82 P. 2d 240.

But the county attorney evidently thought he was right when he made this statement to the jury, just as he did when he referred to the affidavit being correct in the Freeman Davis Case "because I drew the affidavit myself."

The next argument or statement of the county attorney was: "I have been in the law practice myself, representing dozens and dozens and dozens. I have represented this man in whisky cases."

The same statement heretofore made applies to this statement by the county attorney. But there was no evidence in the record that defendant had ever been charged with or convicted of a violation of the prohibition law, and if the statement by the county attorney that "I have represented this man in whisky cases" had been objected to and the court asked to instruct the jury not to consider the same and he had refused, and exception taken to the statement, this court would not hesitate to reverse this case and send it back to McCurtain county for a new trial. But we have carefully read the record and the whole argument of the county attorney, and have come to the conclusion that the jury were undoubtedly influenced by the eloquent argument made by the county attorney with reference to the failure of juries to convict defendants in McCurtain county and his statement that he had represented this defendant in whisky cases, and that there was just a little passion and prejudice that crept into the verdict of the jury when they gave this crippled defendant a fine of $250 and 180 days in jail, and that justice demands a modification of this sentence to a fine of $50 and 30 days in jail. It has been held by this court in the case of Sturgis v. State, supra [2 Okla. Cr. 362, 102 P. 71]:

"Counsel for a defendant must not only object to improper statements of the county attorney in his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose, unless the remarks were of such a character that the error would not be cured by a withdrawal of the remarks." Rice v. State, 66 Okla. Cr. 434, 92 P. 2d 857.

As so modified, the judgment of the county court of McCurtain county is affirmed.

JONES and DOYLE, JJ., concur.