## CORNELIUS FRANK v. STATE.

No. A-10534. Jan. 23, 1946.

(165 P. 2d 844.)

Nolen & Ross, of Okemah, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Bill Biggers, Co. Atty., Seminole County, of Wewoka, for defendant in error.

BAREFOOT, J.  The defendant, Cornelius Frank, was charged in the district court of Seminole county with the crime of assault with intent to kill, and was by a jury convicted of the crime of assault with a dangerous weapon, and his punishment left to the court.  The court sentenced him to one year in the State Penitentiary, and from this judgment and sentence he has appealed.

In his petition in error defendant sets out six assignments of error, but in his brief states that he wishes to urge only two of them.

The first assignment of error is:

"Error of the court in permitting the county attorney to argue to the jury that it was necessary for the defendant to be in real danger at the time the shot was fired or the attack was made upon complaining witness."

Neither the opening statements of the attorney, nor the arguments are set out in the case-made, and for this reason cannot be reviewed.  By numerous decisions of this court, the rule is well settled that misconduct of the

county attorney in his argument to the jury can only be shown by being properly incorporated in the case-made, or by bill of exceptions duly allowed, and, when not so preserved in the record, can not be shown by mere recitals in a motion for new trial. Tucker v. State, 9 Okla. Cr. 587, 132 P. 825; Quitman v. State, 35 Okla. Cr. 245, 250 P. 441; Bone v. State, 43 Okla. Cr. 360, 279 P. 363; Trotter v. State, 77 Okla. Cr. 368, 141 P. 2d 812; Peters v. State, 71 Okla. Cr. 175, 110 P. 2d 300.

The second proposition urged is:

"That the verdict was contrary to the law and the evidence."

Defendant was charged with the crime of assault with intent to kill, under 21 O. S. 1941 652, and was convicted of the crime of assault with a dangerous weapon. It has often been held by this court that one charged with the crime of assault with intent to kill may be convicted of assault with a dangerous weapon as an included offense. Murphy v. State, 79 Okla. Cr. 31, 151 P. 2d 69; Compton v. State, 74 Okla. Cr. 48, 122 P. 2d 819; Ponkilla v. State, 69 Okla. Cr. 31, 99 P. 2d 910; and cases cited. The penalty prescribed by 21 O. S. 1941 § 645 provides the punishment of one convicted of the crime of assault with a dangerous weapon at imprisonment in the State Penitentiary not exceeding five years, or in the county jail not exceeding one year. As hereinbefore stated, the court assessed the punishment of this defendant at one year in the State Penitentiary.

The record discloses a state of facts about as follows: The defendant is a full-blood Creek Indian, and the prosecuting witness a Negro. The prosecuting witness, Simon Mustin, had rented land from members of defendant's family for a number of years, defendant tes-

tifying that he had known the prosecuting witness all of his life. During the years 1938, 1939 and 1940 Mustin had lived on the allotment of Amanda Frank, the mother of defendant, and they had a lawsuit involving the term of the lease, and the rents due, in which the prosecuting witness seems to have prevailed. The prosecuting witness moved from the place some time about the first of the year 1941. On the date of the difficulty, March 11, 1941, Mustin had gone on the land of Amanda Frank, which the defendant was occupying, and was loading some cane feed. He testified that the defendant drove up in his car, jumped out with a shotgun in his hand, and said, "I come to kill you." The defendant testified that he had seen a boy in a wagon drive in, but did not see the prosecuting witness; that he went down to investigate and found Mustin loading the feed, and asked him what business he had there; that Mustin swore at him, and finally told him to "Wait till I go get my gun," and started to walk away. When he did so, defendant shot him six times with number four bird shot. Mustin's testimony was that when defendant got out of the car with the gun, and announced that he was going to kill him, he stuck the pitchfork he was using to load the feed in the ground, and walked around the wagon, and when he turned his back, defendant shot him.

The boy who was with Mustin had been in the Army about one year at the time of the trial, and the doctor who treated him for the gunshot wounds had died. Simon Mustin and Bud Heiskill, a constable, testified for the state; and the defendant, his mother and the constable Bud Heiskill, testified for the defendant. The jury, the court and the attorneys retired to the juryroom, where the prosecuting witness exhibited his back, testifying that the shots had penetrated so deep it was impossible for

the doctor to remove them. The constable testified that he saw the prosecuting witness the day following the trouble, and that he saw where the shots had taken effect in his body, that "he was shot from above the knees clear on up to the back of his neck."

The prosecuting witness was 40 years of age, and there was some evidence that he had been in trouble prior to this time. The defendant was 28 years of age, and had never had any trouble before. Counsel for defendant argue that the defendant and his mother, being full-blood Creek Indians, are unable to speak fluently and understand the English language. There is nothing in the record to indicate that they did not fully understand the proceedings, and no interpreter was had or suggested.

Since the facts proven and the credibility of the witnesses are within the province of the jury, this court is very reluctant to reverse a case on the insufficiency of the evidence. The rule is that the Criminal Court of Appeals will not reverse a judgment of conviction upon the ground that the verdict is not supported by the evidence, or is contrary to the evidence, unless there is no substantial evidence from which the jury could rationally conclude that the accused is guilty; or where the verdict is based on such weak and inconclusive evidence, or is so clearly against the weight of the evidence as to convince the court that the jury erred in its judgment on the facts; or that the evidence fails so far to support the verdict that the necessary inference is that the jury must have acted from partiality, passion or prejudice. We find nothing in this record to indicate that this was true in this case. Clogston v. State, 34 Okla. Cr. 209, 245 P. 905; Hunt v. State, 81 Okla. Cr. 114, 161 P. 2d 82; Lewis v. State, 81 Okla. Cr. 168, 162 P. 2d 201.

The judgment of the trial court is affirmed.

JONES, P. J., concurs.  DOYLE, J., not partici-pating.