BENJAMIN H. RHEUARK v. STATE.

No. A-10858. May 5, 1948.

(193 P. 2d 621.)

410

O. C. Lassiter and F. C. Swindell, both of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Troye Kennon, Asst. County Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J.  Defendant, Benjamin H. Rheuark, was charged in the district court of Tulsa county with the crime of driving and operating a motor vehicle over and upon a public highway in the city of Tulsa while under the influence of intoxicating liquor; and the further charge that he had been previously convicted of the same offense, and served a term of one year in the State Penitentiary by reason thereof.  He was tried, convicted, and sentenced to serve a term of one year and one day in the State Penitentiary, and has appealed.

This appeal was filed in this court on March 28, 1947, and the case was submitted upon the record and oral argument of counsel on March 10, 1948.

In his oral argument, counsel for defendant presented two propositions for the reversal of this case.  First, that the evidence was insufficient to warrant the exces-

sive punishment assessed by the jury; and, second, that the court erred in not declaring a mistrial by reason of the prejudicial statements made by the county attorney before the jury.

The evidence disclosed that two highway patrolmen arrested the defendant after seeing him run a stoplight in the city of Tulsa, and following him for several blocks. They each testified that his car was weaving back and forth in the street, that defendant was intoxicated when arrested, and that he stated to the officers:

"Boys, you got me. I have been drinking too much to be driving. I am glad you got me here where you did before I ran into somebody."

The state introduced proof that the defendant had been previously convicted of the same offense, sentenced to serve one year in the State Penitentiary, and that he had been transferred by the sheriff's office to the State Penitentiary.

The defendant did not take the stand, but introduced three witnesses, and made the proof that he had operated a barbershop in the city of Tulsa for about two years; and one of the witnesses testified that the defendant shaved him and gave him a haircut about 4:15 on the afternoon that he was arrested, and that defendant was sober at that time. The records of the highway patrolmen show that defendant was arrested at 4:55 in the afternoon.

We have only attempted to give a sufficient survey of the evidence to show that the position of the defendant that the evidence was insufficient to warrant the punishment assessed is untenable. It is at best conflicting, and the evidence of the state, if believed by the jury, as

the verdict indicates, was sufficient for them to reach the conclusion that the defendant was guilty.

In Clogston v. State, 34 Okla. Cr. 209, 245 P. 905, this court stated:

"This court is very reluctant to reverse a case for insufficiency of the evidence, and it is only where there is no testimony from which the jury could rationally find the defendant guilty, or where the evidence is of such a weak and inconclusive character, or where the verdict is so manifestly contrary to the evidence as to convince the court that the jury erred in its judgment on the facts, that a verdict will be set aside for insufficiency of the evidence."

The evidence in this case fully justified the conviction.

Tit. 47 O. S. 1941 § 93, the section of the statute under which this defendant was prosecuted, provides:

"It shall be unlawful for any person who is under the influence of intoxicating liquor * * * to operate or drive a motor vehicle on any highway within this state * * *. Any person found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.00) Dollars or by both such fine and imprisonment."

This defendant is a persistent violator of this statute. Upon at least two other occasions he has been convicted of a violation thereof, and has appealed to this court, and the judgment and sentence affirmed. Rheuark v. State, 78 Okla. Cr. 121, 144 P. 2d 754; Rheuark v. State, 81 Okla. Cr. 60, 160 P. 2d 413. The fact that the punishment of the defendant was fixed by the jury in this case at one year and one day in the State Peniten-

tiary is a high tribute to the zeal and ability of his counsel.

The closing argument of the assistant county attorney, to which objection is made, is set out in full in the record, and we have carefully examined and considered the same.

This court has universally held that a prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and construed with reference to the evidence. Workman v. State, 83 Okla. Cr. 245, 175 P. 2d 381; Rheuark v. State, 81 Okla. Cr. 60, 160 P. 2d 413; Hill v. State, 76 Okla. Cr. 371, 137 P. 2d 261.

We have carefully examined the record, and do not find any prejudicial error that would require a reversal of this case. The judgment and sentence of the district court of Tulsa county is therefore affirmed.

JONES and BRETT, JJ., concur.