MARTIN v. STATE

No. A-11378. Sept. 19, 1951.

(235 P. 2d 959.)

George L. Hill and Kirksey M. Nix, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.  Plaintiff in error Felix Arthur Martin, defendant below, was charged by information in the county court of Pittsburg county, Oklahoma, with the offense of driving his automobile on July 1, 1948, on the public highway near Krebs, Pittsburg county, Oklahoma, while under the influence of intoxicating liquor, in violation of Title 47, § 93, O. S. A. 1941.

The defendant was tried by a jury, convicted, his punishment fixed at $100 fine and judgment and sentence entered accordingly.  From said judgment and sentence this appeal has been perfected.

The facts briefly are as follows: The defendant, Martin, was an employee of Edwards Book Store located in McAlester, Oklahoma, where he was employed as a typewriter and office machine service man.  The record discloses that he had been to Hartshorne and Krebs, Oklahoma, both located in Pittsburg county, Oklahoma, ostensibly for the purpose of servicing some of his customers' machines; whom the customers were the defendant could not recall.  He produced no one to support his testimony that he had actually called on about 11 customers in Hartshorne and Krebs that day.  The defendant was driving back toward McAlester from Krebs on Highway 270 about 9:30 p. m., and had reached in the neighborhood of what is known as the Y west of Krebs.  The defendant was driving in a westwardly direction when he met 3 members of the Highway Patrol who were driving east.  The 3 of them, Mr. Livingston, Mr. Bidwell and Mr. Powers testified that as they approached from the west the defendant was observed in his automobile, weaving on the highway towards them.  They testified he pulled his right wheels off the pavement and drove over the center line.  Mr. Powers observed him by means of the rear view mirror after the officers passed the defendant Martin and he said Martin continued to weave from the center to the shoulder.  The officers testified that they turned around and signalled with their red light and siren for him to stop.  The defendant did not stop until he pulled into a nearby filling station.  Patrolman Bidwell placed the defendant under arrest and told him to get out of his car and step back alongside of Officer Livingston.  All the officers' testimony was in substance that the defendant staggered when he walked and weaved when he stood, his tongue was thick and his breath smelled of intoxicating liquor.  They testified positively that the defendant Martin was drunk.  Patrolman Bidwell searched the defendant's automobile and said there were 2 or 3 half gallon jars in the car, all of which were empty except one which contained about one inch residue of choc beer.  Patrolman Bidwell said he poured this out.  (It does not appear why the patrolman assumed the responsibility for so doing.  Certainly the contents of this fruit jar should be retained as evidence

in the car. Officers should not take the liberty of destroying what they believe to be evidence of law violations. Such conduct constitutes a law violation within itself. If this was choc beer its importance as evidence will appear hereinafter in light of the defendant's evidence it was cleaning fluid.) Officer Bidwell testified there were also 3 empty bottles that had the odor of choc beer the same odor as that as was in the jar. Officer Livingston testified he saw the fruit jars. He further testified that the defendant Martin was argumentative. Officer Livingston took the defendant into the jail in the patrol car. Officer Powers accompanied Officer Livingston in the patrol car. Such was the substance of the state's case.

The defendant's evidence was in substance to the effect that he was not drunk though he admitted he had drunk 3 bottles of 3.2 beer, one of them just before he left Krebs. He denied that he had any choc beer. He testified that the one-half gallon jars contained cleansing fluid composed of denatured alcohol and gasoline which he used to clean typewriter type. Mr. Bill Edwards his employer, testified that the defendant carried cleaning fluid in the jars, that this cleaning fluid was composed of denatured alcohol and gasoline. The defendant testified that he had never drunk choc beer. He testified as heretofore indicated that his mission to Hartshorne and Krebs was for the purpose of servicing machines for some of the customers of Edwards Book Store but he could not recall the name of a single customer he contacted in person that day. He testified the reason he drove close to the edge of the pavement was because of improper vision due to an old pair of glasses he was wearing and stated that his good glasses were in a doctor's office for repair. In this connection Dr. Ray Nelson corroborated him to the effect that the glasses were in his office for repair when the offense was alleged to have occurred. He testified further however that the defendant should have been able to have driven down the highway with the old glasses without difficulty. It was developed on cross examination without objection that the defendant had been arrested 6 times for being intoxicated. Objection was later interposed and overruled. The defendant admitted that he had been arrested 3 times for the offense of drunkenness since the commission of the offense herein involved. He admitted that he was arrested on December 12, 1948, plead guilty and was fined $10; on March 31, 1949 he admitted he was arrested and forfeited a $20 bond; on June 29, 1948 he forfeited a $10 bond. He admitted on each one of the occasions he had been drinking 3.2 beer. It was obvious of course that these offenses occurred subsequent to the offense with which he was herein charged. The defendant further admitted on cross-examination, that prior to the offense herein, he was convicted in California of sex perversion and given 15 years in the penitentiary. Objection was interposed after this testimony was in on the ground of its incompetency in a case of this type. The foregoing in substance is the evidence on which the jury found the defendant guilty. While the evidence is in sharp conflict it is sufficient to sustain the conviction since disputed questions of the fact will not be disturbed on appeal where there is competent evidence in the record to sustain the jury's finding. Wheaton v. State, 85 Okla. Cr. 132, 189 P. 2d 931; Lowery v. State, 87 Okla. Cr. 313, 197 P. 2d 637, and numerous other cases to this effect.

The defendant urges that the trial court committed reversible error in admitting incompetent, irrelevant and improper testimony which testimony was discussed by the county attorney in his closing argument and was so highly prejudicial to the rights of the defendant as to influence the jury against him. The evidence referred to is the foregoing in relation to his arrest for drunkenness. While under the law it was improper and error to interrogate the defendant in regard to his arrest for drunkenness, it was not improper to make inquiry

concerning his convictions for law violations. The record discloses that he admitted one conviction and paid a fine of $10 for the offense of drunkenness. Furthermore he admitted a prior conviction in California for sex perversion for which he received a sentence of 15 years. There convictions were proper matters of inquiry on cross-examination since they went to the defendant's credibility. The defendant cites in support of his contention cases to the effect that the defendant can only be interrogated on cross-examination in regard to offenses involving moral turpitude. Such is no longer the rule in Oklahoma. In Trail v. State, 63 Okla. 312, 74 P. 2d 1170, this court said:

"A defendant, who takes the witness stand in his own behalf, may on cross-examination be asked if he has been convicted and served a sentence prior to this time, for the purpose of affecting his credibility as a witness."

In Howard v. State, 67 Okla. Cr. 445, 94 P. 2d 947, it was said:

"When a defendant takes the witness stand and testifies in his own behalf the prosecution has the right to cross-examine him with the same latitude as any other witness. Under the statute he may be interrogated concerning other convictions for crime. Whether an offense involves moral turpitude is not the test in this state. Sec. 268, 12 Okla. St. Ann. § 381."

In Crouse v. State, 69 Okla. Cr. 24, 100 P. 2d 467, 468, wherein the rule was stated as follows:

"When a defendant takes the witness stand, he is subject to cross-examination the same as any other witness. The manner of this examination is in a great degree within the discretion of the trial court. An improper question will not always be cause for reversal of the case. The court may be sustaining an objection to the question, and instructing the jury to disregard the same, correct the error."

In Abby v. State, 72 Okla. Cr. 208, 114 P. 2d 499, 500, 115 P. 2d 266, in this connection this court said:

"When a defendant takes the witness stand and testifies in his own behalf, the prosecution has the right to cross-examine him with the same latitude as any other witness. Under the statute he may be interrogated concerning other convictions for crime. Whether an offense involves moral turpitude is not the test in this State. Oklahoma Statutes 1931, Section 268, 12 Okla. Cr. §381."

It is therefore apparent that the rule contended for by the defendant is no longer the law in Oklahoma though at one time it was thought so to be. To cite such holdings would only tend to confusion, hence, we refrain. In view of these authorities it was entirely proper to inquire of the defendant in relation to his convictions for drunkenness, as well as the conviction for sex perversion. In light of his affirmative admissions in regard to the last 2 named offenses we do not believe the questions as to the arrests for drunkenness, even though constituting error, could prejudice the defendant to such an extent to constitute reversible error in this case.

Next the defendant contends the county attorney in his closing argument made prejudicial statements, outside the record, that influenced the jury, and the trial court erred in denying the defendant's motion for a mistrial. In this connection the entire arguments do not appear in the record. This court has held on this point that ordinarily error cannot be predicated upon mere unexplained excerpts from remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be adduced from the context, and whether or not they were invited or provoked by remarks made by opposing counsel. Passmore v. State, 87 Okla. Cr. 391, 198 P. 2d 439. No such showing is made herein.

Nevertheless the prosecuting attorney should confine his arguments to the jury to a discussion of the issues, and improper remarks objected to at the time should be construed in reference to the evidence. Rheuark v. State, 86 Okla. Cr. 409, 193 P. 2d 621. However, it was also held therein:

"A conviction would not be reversed because of prosecuting attorney's argument to jury, in absence of showing that such argument, in view of entire record, affected defendant's substantial rights or caused prejudice against him in minds of jurors."

Construing the arguments in the case at bar, we are of the opinion, that in view of the entire record, and the penalty imposed, the remarks of counsel for the state did not cause prejudice in the minds of the jurors, so as to affect the defendant's substantial rights. Only where such a result is obtained are we justified in holding remarks of counsel a ground for reversal. No such situation confronts us herein. For all the foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.