Clifford MATHIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12354.

Criminal Court of Appeals of Oklahoma.

Dec. 5, 1956.

Robert W. Hoyland, Guthrie, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Harvey Lee and Clifford Mathis were jointly charged in the district court of Logan County with the larceny of three head of cattle, and the jury found each guilty, but being unable to agree upon the penalty, left that to the court, who sentenced Lee to seven years and Mathis to five years in the penitentiary. Only Mathis has appealed.

The State introduced the testimony of three witnesses, and the defendant did not testify, and produced no evidence.

C. H. Totten, whose home is near Moore but who had three quarter sections of land in Logan County under lease, identified the cattle in question as belonging to him, and they were returned to him. He had no dealings with and did not know either of the defendants.

T. L. Muse operated a garage and filling station at Nicoma Park, in Oklahoma County, and testified that the two colored boys on trial came to his station about 9:30 the morning of March 4, 1955, and the appellant talked with him, told him that they had four head of cattle they wanted to sell and that their pick-up had broken down and the cattle escaped, and asked witness if he knew of anyone who might be interested in purchasing the cattle. Witness told them he knew a man who bought and sold cattle, and telephoned Dock Pace, who came to his place of business in response to the call. Witness Muse positively identified both of the defendants. He testified that Mr. Pace told the boys that he was interested in buying cattle, but that he wanted

to know they were not stolen and that the boys were legitimately the owners of them before he went to look at the cattle, and Harvey Lee assured him that they were his cattle. That Dock Pace left the filling station with Lee to go and look at the cattle, and the appellant stayed around the garage for some time, until Pace and Lee returned with three head of cattle in Pace's truck; and that the three men left, but witness paid no attention to how they were riding.

Dock Pace testified that in response to a telephone call from T. L. Muse he went to his filling station on the date mentioned and saw the two colored boys, and that all of his conversation was with Harvey Lee. He could not identify the appellant. Harvey Lee went with this witness and they rounded up three head of cattle and took them to the home of Mr. Pace, agreed on the price witness was to pay for the three head and witness told Lee that they would go to the Bank in Jones and have a bill of sale made out for the cattle. Harvey Lee went in the Bank with the witness. Lee told the banker that his name was Jones, and then was undecided about where he lived and Mr. Pace became suspicious and told the boy that he would have to bring him some proof of his identification and of ownership of the cattle. As the defendants drove away, witness took the tag number of the car and then called the highway patrol. Later C. H. Totten called witness, informed him that the sheriff of Oklahoma County had told him that witness had some cattle penned up out at his place, described the cattle and later came out, identified them as his and took them away.

 It is first urged that the evidence was not sufficient to support the conviction of the defendant Mathis. This argument would be good but for the evidence of witness Muse, who on cross-examination was positive in identifying Mathis. He was questioned as follows:

"Q. (By Mr. Hoyland) Mr. Muse, did Clifford Mathis, this defendant here sitting back here in the back seat, did he ever tell you that these cattle were his cattle? A. Yes, he was the first one that asked me about them.

"Q. Well, I understood you to say that Harvey Lee was the one that did the talking. A. They both did the talking.

"Q. And you say they both told you that they had some cattle to sell? A. Yes, sir."

There was no evidence offered to contradict the evidence of the State, and as we have so often said, a case will not be reversed for insufficiency of the evidence where the testimony of the State is sufficient, if believed by the jury, to show defendant's guilt. Todd v. State, 82 Okl.Cr. 424, 172 P.2d 345; Rheuark v. State, 86 Okl.Cr. 409, 193 P.2d 621; Hardesty v. State, Okl.Cr., 291 P.2d 351.

 It is argued that the court erred in not granting defendants a continuance. Counsel says that he was appointed by the court only a matter of about a week before the trial, and that he had been busy and had not had opportunity to consult with his clients and ascertain their defense and secure witnesses. It is urged that the case should have been remanded to the county court of Logan County for a preliminary hearing, which had been waived by defendants.

We find from the record that separate charges were originally filed against Lee and Mathis, and later these cases were dismissed by the county attorney, and the present joint charge was filed.

From the order signed by the court, we observe that counsel was appointed by the court on November 23, 1955, which was two weeks prior to the date of the trial. We discover from the record that no subpoenaes were issued for witnesses for the defendant, and no diligence is shown in support of the motion for continuance. We do find that counsel for the defendants did do a very credible job in trying the case, and has prepared an excellent brief. It was claimed in the motion for continu-

ance that if further time was granted defendants would produce alibi witnesses. And although the names of such witnesses were given, the court overruled the motion. However, the motion for new trial fails to specifically assign such action of the court as error, and attach to the motion affidavits from the named proposed witnesses showing that defendants were at a place or places so far removed from the scene of the crime charged as to have made it impossible for them to have committed the crime.

We cannot, therefore, say from the record that the court abused its discretion in denying a continuance under the circumstances in this case. Flowers v. State, 96 Okl.Cr. 191, 251 P.2d 530; Gillaspy v. State, 96 Okl.Cr. 347, 255 P.2d 302; Henderson v. State, 95 Okl.Cr. 342, 246 P.2d 393.

The judgment appealed from is therefore affirmed.

JONES, P. J., and BRETT, J., concur.